(87 App. Div. 125.)

### HEYWARD v. WILLMARTH.

(Supreme Court, Appellate Division, Second Department.  October 22, 1903.)

1. VENDOR AND PURCHASER—OPTION TO PURCHASE—SUFFICIENCY OF DESCRIPTION.
    Where a lease gives an option to purchase the "said premises and the land of the said lessor adjoining on the east," extrinsic evidence showing the unity of the entire tract renders the description definite and certain.
2. SAME—EXTRINSIC EVIDENCE—ADMISSIBILITY.
    Such evidence is competent.
3. SAME—CONSIDERATION.
    The agreement to pay rent is a sufficient consideration for an option given to the lessee to purchase the premises and an adjoining tract.
4. SAME—AMBIGUITY AS TO PURCHASE PRICE.
    An option given a lessee to purchase the premises and an adjoining tract "at a price not to exceed $3,000" is not fatally ambiguous as to the purchase price, as the right to purchase for the full sum of $3,000 is absolute.

Appeal from Special Term, Nassau County.

Action by William E. Heyward against Mary J. Willmarth.  From a judgment for plaintiff (78 N. Y. Supp. 347), defendant appeals.  Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, HIRSCHBERG, and HOOKER, JJ.

J. Brownson Ker (John Vincent, on the brief), for appellant.
Thomas Young, for respondent.

HIRSCHBERG, J.  The judgment compels specific performance by the appellant of an agreement contained in a lease by which the privilege was given to the respondent of purchasing certain real

estate at Rockville Centre, Long Island.   The agreement is somewhat peculiar.   The appellant leased to the respondent for a period of years a certain plot of ground accurately described, with an option of purchase, as follows:

"And it is mutually agreed between the above-named parties as follows: That the said lessee shall have the privilege of purchasing said premises and the land of the said lessor adjoining on the east at a price not to exceed $3,000 at any time during the term of this lease."

The demised premises and the land adjoining on the east comprised together a single plot of ground of the uniform depth of 125 feet, acquired by the appellant by deed from her husband.   The leased part was a little less than half of the lot, and the circumstances left no room for doubt about the identity of the land "adjoining on the east."   The language used clearly indicates the intention of the parties to include all the land of the lessor adjoining the demised premises on the east, and the extrinsic evidence showing the unity of the plot necessarily served to render the description definite and certain.   Such evidence was competent.   See, upon both propositions, Fish v. Hubbard's Adm'rs, 21 Wend. 651;  Richards v. Edick, 17 Barb. 260; Tallman v. Franklin, 14 N. Y. 584;  Thayer v. Finton, 108 N. Y. 394, 15 N. E. 615.

The agreement on the part of the respondent to hire and pay rent for the demised premises is a sufficient consideration for the option of purchase as to the adjoining land as well as to the land directly covered by the lease.   The inference is that the respondent would not have leased the land and have become bound for the rent without receiving the privilege of purchasing the entire tract.   The ambiguity as to the purchase price is more apparent than real.   The right to purchase at the full sum of $3,000 is absolute, and that amount has been tendered and is required to be paid by the terms of the judgment, less only the amount of a specific lien upon the property duly acquired by the respondent as tenant under the terms of a prior judgment in foreclosure.

The other points raised by the appellant do not seem to require discussion.

The judgment should be affirmed.

Judgment affirmed, with costs.   All concur.