[Civ. No. 678.   First Appellate District.—December 30, 1909.]

# ALBERT BETTENS, Respondent, v. S. M. HOOVER, Appellant.

UNLAWFUL DETAINER—HOLDING OVER AFTER TERM—PLEADING—THREE
DAYS' NOTICE TO QUIT NOT REQUIRED.—A complaint for unlaw-
ful detainer, which does not attempt to state any cause of action
for detainer after default in payment of rent, but solely alleges
that the tenant is holding over without the consent of his land-
lord, or of plaintiff as his successor in interest, after the ex-
piration of his term, need not allege three days' notice to quit,
which is not required in such a case.

ID.—OPTION TO RENEW LEASE—PROVISO AS TO HIGHER RENT OF-
FERED—LEASE TO THIRD PARTY—GOOD FAITH—SUIT FOR POSSES-
SION.—Where the lease contained an option to the original lessees,
to whom defendant was successor, to renew the lease for another
two years, provided they pay as high rent as is offered by other
parties, and defendant gave notice of his option to renew the
lease, but before the end of the term, after such notice, plaintiff
gave notice of a higher written offer made by a third party, which
defendant refused to pay, plaintiff, if such offer was made in
good faith, might execute a lease to such third party at the higher
rental, dependent on possession, and demand and sue defendant
for possession in unlawful detainer.

ID.—PARTIES TO UNLAWFUL DETAINER—DEMURRER FOR DEFECT PROP-
ERLY OVERRULED.—Neither the original lessors, nor the new lessee,
whose lease was conditioned on possession, were required to be
joined as parties coplaintiff in the action for unlawful detainer;
and a demurrer for defect of such parties was properly over-
ruled.

ID.—RULES AS TO OPTION FOR RENEWAL.—Where a lease gives to the
lessee the option of a renewal for a given term at the same rental,
a notice of election given in time, extends the term; but where
the rental is not fixed, but is to be determined by what others
might offer, if a higher offer is made in good faith, the refusal
of the lessee to make an equal offer terminates his right under
the option.

ID.—SUFFICIENCY OF COMPLAINT — AVERMENT OF RENTAL VALUE.—
Upon the face of the complaint, which alleges that the offer made
by the new lessee is the reasonable value of the use of the prem-
ises, which defendant declined to accept, upon general demurrer
admitting such allegation, it must be presumed that the offer was
made in good faith, and the court did not err in overruling the
demurrer.

Id.—Motion to Strike Out—Prejudicial Error not Appearing.—
*Held,* that a motion to strike out parts of a complaint, which is
not fully disclosed in the printed lines of the complaint in the
transcript, in so far as the matter objected to can be identified
in the transcript, was denied without prejudicial error.

Id.—Trial of Issue as to Good Faith of Offer—Uncontradicted Evi-
dence—Inferences of Fact—Support of Finding.—Where the
answer denied the good faith of the offer of a higher price, and
alleged that the bid was made with intent to defraud the de-
fendant, and the court found that it was made in good faith with-
out intent to defraud, it is held that while the evidence was
without conflict, and a finding for the defendant would have been
sustained; yet as inferences of fact from the evidence is matter
about which fair and impartial minds might differ, the finding
made will be sustained.

Id.—Burden of Proof upon Defendant.—As to the matter of the
defense affirmatively pleaded in the answer, the burden of proof
is upon the defendant.

APPEAL from a judgment of the Superior Court of Santa
Clara County, and from an order denying a new trial. John
E. Richards, Judge.

The facts are stated in the opinion of the court.

Nicholas Bowden, for Appellant.

C. T. Bird, and Charles Clark, for Respondent.

HALL, J.—This is an action in unlawful detainer. Plain-
tiff recovered judgment for the possession of the premises
and damages, and defendant has appealed from the judg-
ment and from the order denying his motion for a new trial.

Defendant is the assignee of the original lessee; and plain-
tiff, by virtue of a lease (which includes the property sued
for), from the owners of the property, to plaintiff, for a
term of nine years, has succeeded to the rights of the origi-
nal lessors.

Hereafter in this opinion we shall designate the lease un-
der which defendant claims as the Hoover lease.

The first point relied upon by appellant is that the com-
plaint does not state facts sufficient to constitute a cause of
action.

The complaint does not attempt to state a cause of action for unlawful detainer by a lessee after default in the payment of rent, but is framed upon the theory that defendant is holding over, without the consent of the landlord, after the termination of his term. In such a case the three days' notice, provided for in subdivision 2 of section 1161, Code of Civil Procedure, is not required. (*Earl Orchard Co.* v. *Fava,* 138 Cal. 76, [70 Pac. 1073].)

The Hoover lease is set out in the complaint. The original term thereof expired on the last day of February, 1908, but the lease contains this provision: "And it is further agreed by the parties hereto that the parties of the second part are to have the privilege of leasing the within described premises for a period of two years, from the expiration of the present lease, provided that they pay as high a rent as is offered by other parties."

It is alleged in the complaint that on the twenty-fifth day of February, 1908, defendant served upon plaintiff the following written notice: "Notice is hereby given that the undersigned, S. M. Hoover, wishes and intends to exercise the option and privilege of leasing the premises, real property and improvements thereon, hereinafter particularly described for a period of two years from and after the twenty-ninth day of February, 1908, and said S. M. Hoover now elects to exercise, and hereby exercises, said option and privilege, by, under, pursuant to and in accordance with the terms and conditions of that certain lease executed, etc." Here the Hoover lease is identified and the premises described.

It further appears from the complaint that on the twenty-seventh day of February, 1908, one S. P. Hatcher offered in writing to lease from the plaintiff the premises in suit, for the period of two years from and after the twenty-ninth day of February, 1908, at the monthly rental of $250, and that thereafter, on the twenty-eighth day of February, plaintiff in writing notified defendant of such offer, and that unless he, defendant, elect to make an offer equal thereto, plaintiff would accept Hatcher's offer, and execute a lease to him at such rent for said term. Defendant made no other offer or attempt to exercise the option given in his lease.

Thereafter, on March 3, 1908, plaintiff leased the premises to Hatcher for two years from the first day of March, 1908,

at a rental of $250 per month conditioned on possession thereof. Prompt notice of this lease was given defendant, and demand made upon him for possession, which was refused.

The monthly value of the rents of said premises is alleged to be $250.

Defendant demurred to the complaint upon the ground that the same does not state facts sufficient to constitute a cause of action, and also upon the ground of defect of parties in that neither the original lessors nor Hatcher were joined as parties plaintiff.

Appellant gives no reason in his brief why the original lessors should have joined in the action, and we see none. Neither does any reason appear why Hatcher was a necessary party plaintiff. The lease to him is conditional upon his being given possession, and the complaint alleges that this has not been done.

Appellant contends that it does not appear from the complaint that defendant's term has terminated. This contention is based upon the theory that the notice of election to exercise the option provided for in the Hoover lease had the effect to extend appellant's term for the period of two years. His contention is that the notice of the exercise of the option effected a renewal of the lease for a period of two years, which obligated the appellant to pay the amount of $250, if the offer of Hatcher was *bona fide,* and if such offer was not *bona fide,* that it obligated him to pay the sum provided for in the original term ($80 per month), as no other offers appear to have been made to plaintiff.

Where a lease gives to the lessee the option of a renewal for a given term at the same rental, undoubtedly a notice of election given in time is sufficient to extend the term. (*Andrews* v. *Marshall Creamery Co.,* 118 Iowa, 595, [96 Am. St. Rep. 412, 92 N. W. 706]; *Ewing* v. *Miles,* 12 Tex. Civ. App. 19, [33 S. W. 238]; *Wiener* v. *Graff,* 7 Cal. App. 580, [95 Pac. 167].)

But in the Hoover lease the rental was not fixed, but was to be determined by what others might offer. It contemplated the making of a new lease after such offer had been made and the rent agreed upon. The language is "And it is further agreed by the parties hereto that the parties of

the second part are to have the privilege of leasing the within described premises for a period of two years from the expiration of the present lease, provided that they pay as high a rent as is offered by other parties." We think a proper construction of this provision as well as fair dealing required that, after the giving of the general notice of the exercise of the option by the lessee, the landlord should give notice to the lessee of any offer that he had received for the premises to the end that the lessee might make an equal offer, which, under the provisions of the original lease, would entitle him to a new lease for two years at the rental thus agreed upon.

The plaintiff, before the expiration of appellant's original term, gave notice of the offer that he had received, and demanded of the appellant that he make an equal offer, which he refused to do.

Assuming the Hatcher offer to be *bona fide* and made in good faith, the refusal of the appellant to make an equal offer terminated his right under the option. It was in effect a repudiation of his first offer, and terminated his rights thereunder. (*Main St. etc.* v. *Los Angeles Traction Co.*, 129 Cal. 301, [61 Pac. 937].)

Upon the face of the complaint we must assume the Hatcher offer to be *bona fide* and in good faith, especially as it is alleged, and confessed by demurrer, that the amount thus offered is the reasonable value of the rental.

The Hoover lease in substance provided that the lessee should have the first refusal of a new lease for two years at such rental as might be offered by others. Notwithstanding the general notice of the exercise of the option, it is plain from the allegations of the complaint that appellant declined to take a new lease at the rental offered by Hatcher.

The court did not err in overruling the demurrer.

As to the action of the court in refusing to strike out certain matter from the complaint, appellant simply states that these matters are surplusage, irrelevant, redundant and state conclusions of law. As to most of the matters we are unable to determine what they are from the record before us. The motion referred to them by lines and pages of the filed documents. The lines and pages do not appear to be the same in the printed transcript. We are thus with few ex-

ceptions unable to identify the matter referred to in the motion. As to such as we can identify, we find no prejudicial error, if error at all, in the action of the court.

Appellant in his answer set up that the offer of Hatcher was not made or accepted in good faith, but was made for the purpose of defrauding defendant.

The court, however, found that "the bid of said S. P. Hatcher was not made for the purpose of defrauding the defendant Hoover, but was made and accepted in good faith both by plaintiff and said S. P. Hatcher."

This finding, as well as some others depending upon it, are attacked as not supported by the evidence.

There is but little, if any, conflict in the evidence. What inferences should the court have drawn from the substantially uncontradicted evidence is really the question presented by the record. We have examined the evidence with care, and are free to say that if the court had found that the offer of Hatcher was not made and accepted in good faith, but for the purpose of defrauding defendant we would have sustained such finding.

But from this it does not follow that we are not obliged to sustain the finding made. Where fair and impartial minds may draw different conclusions from the evidence, though there be no conflict in the testimony, it is a case for the jury or trial court to decide. (*Kelly* v. *Brown* (Cal.), 8 Pac. 38.)

Bettens and Hatcher were both witnesses, and testified to the offer made by Hatcher to Bettens of $250 per month for the premises in suit. The offer was in writing. Subsequently, after the expiration of the original term of the Hoover lease, Bettens executed to Hatcher a written lease, whereby Hatcher bound himself to pay the rent reserved for the period of two years, and gave his check for the sum of $250 for the first month's rental. No attempt was made upon cross-examination to show that Hatcher had been requested by Bettens or anyone else to make the offer. It was only shown upon the cross-examination of Hatcher that before making the written offer he had conferred with Bettens. No question was asked him as to his purpose or object in renting the premises.

On the other hand, the court found that the rental value of the premises was but $150 per month. It is clear that

Bettens was anxious to get rid of the Hoover lease and the tenancy thereunder, and probably had a strong motive therefor. His lease compelled him to make valuable improvements within one year. He desired and intended to build upon the premises as soon as he could get Hoover out, and made statements to that effect before the expiration of the Hoover lease, and subsequently stated to several persons that he would soon have Hoover out. These facts certainly raise a strong suspicion that the offer by Hatcher was procured by Bettens, and was not made in good faith or with any intent or expectation that the lease made in pursuance thereof would be enforced or carried out. We are not prepared to say, however, that the court upon this evidence was obliged to so find. The matter pleaded was affirmative matter, to be proved by defendant.

The judgment and order must be affirmed, and it is so ordered.

Cooper, P. J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal, on January 27, 1910, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 28, 1910.