THE SUN PRINTING AND PUBLISHING ASSOCIATION, Appellant, *v.* REMINGTON PAPER & POWER COMPANY, INC., Respondent.

First Department, April 21, 1922.

Sales — action against seller to recover for breach of contract — agreement to sell at price to be agreed on, not more than maximum stated, is option enforcible by buyer — agreement in same contract to pay for other goods at fixed price is consideration for option — contract not indefinite because maximum price was to be determined by price charged by another, where complaint alleged said price to be easily ascertainable and defendant demurred.

An option enforcible by a buyer arises under a contract for the sale of goods which fixes the price of goods to be delivered for a certain period and then provides that for the balance of the period the price shall be agreed upon by and between the parties, but that in no event shall the price be higher than the contract price for the same goods charged by another corporation to large consumers.

4   SUN PRINTING & PUB. ASSN. *v.* REMINGTON P. & P. CO., INC.

First Department, April, 1922.                    [Vol. 201

As soon as the buyer agreed to pay the maximum price provided in the contract, he made definite the sale price of the goods and the contract was no longer indefinite as to the price to be paid.

The agreement of the buyer to pay for the goods as to which the price was definitely fixed in the contract, was a sufficient consideration for the option given to the buyer to take the balance of the contract at a price to be made definite by him by agreeing to pay the maximum price therefor.

Since it is alleged in the complaint that the maximum price was not to be higher than that charged by another corporation for similar goods sold to large consumers, and that the price charged by said other corporation was easily ascertainable, it cannot be held, upon a demurrer to the complaint, that the contract was indefinite on the ground that the maximum price was to be determined by the selling price of another, for the defendant by his demurrer has admitted that said price is easily ascertainable and a contract is certain which may be made certain by reference to other facts which are established or may be made certain.

DOWLING and MERRELL, JJ., dissent.

APPEAL by the plaintiff, The Sun Printing and Publishing Association, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 21st day of December, 1921, denying plaintiff's motion for judgment on the pleadings, consisting of a complaint and a demurrer thereto.

*Watson, Harrington & Sheppard* [*Archibald R. Watson* of counsel; *John M. Harrington* and *Ralph O. Willguss* with him on the brief], for the appellant.

*Elon R. Brown* of counsel, for the respondent.

SMITH, J.:

The action is brought to recover damages for breach of a contract to deliver 12,000 tons of rolls of newsprint, according to a contract claimed to exist between the plaintiff and the defendant. The defendant's contention which has prevailed in the court below is that the contract is too indefinite and incomplete. The defendant having demurred, the question of the Statute of Frauds is not in the case. The agreement, so far as material, recites as follows:

" In consideration of the mutual covenants and agreements hereinafter set forth, Remington Paper & Power Co., Inc., of Watertown, State of New York, hereinafter called the Seller, agrees to sell and hereby does sell and The Sun Printing & Publishing Asso., of New York City, State of New York, hereinafter called the Purchaser, agrees to buy and pay for, and hereby does buy the following paper.

" TONNAGE.

" Sixteen Thousand Tons rolls News Print, Basis 24 x 36–32 /500.

" 65% of the tonnage in rolls 73″  in width.

" 15% of the tonnage in rolls 55″  in width.

" 20% of the tonnage in rolls 36½″ in width.

" SHIPMENTS.

" One thousand tons per month in herein specified percentages of sizes during the months of September, 1919, to December, 1920, inclusive.        *   *   *

" PRICE AND DELIVERY

" The price shall be as hereinafter provided per one hundred (100) pounds actual gross weight of rolls on board cars at mill, including paper and wrappers and paper or sulphite cores.

" TERMS.

" Payments shall be made in New York Exchange, net cash on the 20th of each month for all paper shipped the previous month.

" MISCELLANEOUS.

" *   *   *   The price agreed upon between the parties hereto for all paper shipped during the month of September, 1919, shall be $3.73¾ per hundred pounds gross weight of rolls on board cars at Mills.

" The price agreed upon between the parties hereto for all shipments made during the months of October, November and December, 1919, shall be $4.00 per hundred pounds gross weight of rolls on board cars at Mills.

" For the balance of the period of this agreement the price of the paper and length of terms for which such price shall apply shall be agreed upon by and between the parties hereto fifteen days prior to the expiration of each period for which the price and length of term thereof has been previously agreed upon, said price in no event to be higher than the contract price for newsprint charged by the Canadian Export Paper Company to the large consumers, the Seller to receive the benefit of any differentials in freight rates."

The defendant upon the 5th day of December, 1919, gave notice that the contract was invalid and it would not perform during the year 1920. The plaintiff upon December fifteenth demanded delivery in 1920, and agreed to pay the maximum price therefor, to wit, the price at which similar goods were sold by the Canadian Export Paper Company to large consumers. A demand for the delivery of this paper was made upon each month during the year 1920, but was refused; and the plaintiff has brought this action for failure to deliver the same, claiming as its damage the difference in the maximum price and the price which it was compelled to pay therefor in the city of New York. It is alleged in the complaint that the maximum price of sale to large consumers by the Canadian Export Paper Company was a matter easily ascertainable at any and at all times during the term of the contract.

6 Sun Printing & Pub. Assn. *v.* Remington P. & P. Co., Inc.

First Department, April, 1922. [Vol. 201

The claim of the plaintiff in this case is that the right to this paper after the 1st day of January, 1920, became an option, was sufficiently definite and upon due consideration. The defendant contends to the contrary upon each of these propositions. That this constituted an option seems to me to follow as matter of law, because it was not enforcible as against the purchaser of this paper. The price was to be agreed upon, and there was no minimum price stated. The purchaser might refuse to pay more than one dollar per ton or even less, and still be within its rights. As to the purchaser the price was too indefinite to be enforcible. Whether or not it was intended to be an option, its legal effect was such, and the parties are presumed to have intended to make the contract as the law construes it. That the contract was indefinite as to the price which the purchaser agreed to pay is conceded. This fact is what determines the contract to be an option, rather than an agreement to purchase. Not so, however, as to the price at which the seller agrees to sell the article. While the price was to be agreed upon between the seller and the purchaser, that price was limited to a maximum price. It was capable, therefore, of being made definite by the election of the purchaser to pay the maximum price therefor, which it has agreed to pay. It is clear that the purchaser could not enforce the sale of this paper at a less price than the maximum price without the agreement of the seller. When, however, the purchaser agrees to pay the maximum price provided for in the contract, and the seller can demand no greater price under the terms of the contract, the purchaser has made definite the sale price of the paper, and the contract is no longer indefinite as to the price to be paid. There is no other part of the contract that is claimed to be indefinite. The seller agrees to sell and the purchaser agrees to buy 16,000 tons of this paper deliverable 1,000 tons a month. It is only by reason of the fact that the price is not and cannot be made definite by the seller without the consent of the purchaser, that the contract as to the paper to be delivered after the 1st of January, 1920, is merely an option to purchase the same. If the contract contained a minimum price, as well as a maximum price, the seller could make definite the price at which the paper was to be sold by agreeing to take the minimum price therefor. Without the fixation, however, of a minimum price, the purchaser alone can make the price definite by agreeing to pay the maximum price therefor.

Again, this option, which I construe to have been given by this contract, was given upon a consideration. That consideration was the agreement of the purchaser to pay four dollars per roll of one hundred pounds gross for the paper that was agreed to be

delivered before the 1st of January, 1920. It is not claimed that the seller could escape his obligation under this definite part of the contract, and this part of the contract, containing an obligation both upon the seller and the purchaser, constitutes ample consideration for the option given to the purchaser to take the balance of the contract at a price to be made definite by him by agreeing to pay the maximum price therefor.

It has been held that, where a lease gives to the lessee the option to purchase, it is presumed that the absolute part of the contract contains a consideration for the giving of the option, and the party holding the option can, therefore, enforce it. (*Matter of Hunter*, 1 Edw. Ch. 1; *Hawralty* v. *Warren*, 18 N. J. Eq. 124.) The rule is stated in the case of *Staples* v. *O'Neal* (64 Minn. 27) as follows: " Plaintiff, by one entire contract, purchased of defendants a certain quantity of logs at a certain agreed price, and also purchased of them another quantity of logs at another agreed price, but reserved the right to refuse to accept the latter quantity unless they arrived in the boom at a certain time. It might not have been practicable to drive the logs into the boom by that time. Held, it must be presumed that in the unconditional part of the contract plaintiff agreed to pay a consideration for the right to exercise the option given him in the latter part of the contract, and that, therefore, the latter part of the contract was not void for want of mutuality, but was enforceable by plaintiff." This contract, therefore, although not enforcible by the seller as to the paper to be delivered in 1920, constituted an option to buy the paper deliverable after January, 1920, at a price to be made certain by the purchaser by its agreement to pay the maximum price therefor; and this option was supported by sufficient consideration by the absolute part of the contract, which required it to take the deliveries in 1919 at a definite sum to be paid therefor. This conclusion is in accord with the decision in *Cohen & Sons* v. *Lurie Woolen Co.* (232 N. Y. 112). In that case Judge Cardozo says: " The defendant, then, is bound, unless its promise is to be ignored as meaningless. Rejection on that ground is at best a last resort (*Matter of Buechner*, 226 N. Y. 440, 443; *Ellis* v. *Miller*, 164 N. Y. 434, 438; 1 Williston on Contracts, secs. 37, 137). Indefiniteness must reach the point where construction becomes futile. Uncertainties, thought to be impenetrable, are suggested in respect of subject-matter, time and price. They will be found to be unreal. It is said that we cannot tell whether the buyer, in exercising the option, must make demand for all that the seller can supply, or is free to call for less. We think the implication plain that the buyer is to fix the quantity, subject

only to the proviso that quantity shall be limited by ability to supply. It is said the option does not state the time within which election is to be announced. We think a reasonable time is a term implied by law (*Pope* v. *Terre Haute Car & Mfg. Co.*, 107 N. Y. 61, 65). It is said the option does not embody a statement of the price. We think a ' privilege to confirm more ' imports a privilege to confirm at the price of the initial quantity. This option was drawn by merchants. We are persuaded that merchants reading it would not be doubtful of its meaning. It was meant to accomplish something. We find no such elements of vagueness as to justify the conclusion that in reality it accomplished nothing."

The respondent relies upon the case of *United Press* v. *New York Press Co.* (164 N. Y. 406). In that .case, however, there clearly was no consideration for the option given. There was no price agreed to be paid for the option, and no part of .the contract was enforcible against the party to whom the option was given. The lack of mutuality went to the entire contract and not to a part only of the deliveries to be made thereunder. The case is to my mind clearly distinguishable from the case here presented.

It is further objected that the contract is indefinite, as the maximum price is to be determined by the selling price of the Canadian Export Paper Company's paper to large consumers. But the defendant has admitted by the demurrer that this is easily ascertainable, and the fact that the selling price may vary from month to month does not affect the validity of the contract. A contract is certain which may be made certain by reference to other facts which are established or may be made certain.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and plaintiff's motion for judgment granted, with ten dollars costs, with leave, however, to the defendant to withdraw its demurrer and answer the complaint upon payment of said costs.

LAUGHLIN and GREENBAUM, JJ., concur; DOWLING and MERRELL, JJ., dissent upon the authority of *United Press* v. *New York Press Co.* (164 N. Y. 406).

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to defendant to withdraw demurrer and to answer on payment of said costs.