[S. F. No. 15495.   In Bank.—November 25, 1936.]

C. C. COLYEAR, Appellant, v. MATHEW O. TOBRINER et al., Respondents.

Henry O. Wackerbarth for Appellant.

Livingston & Livingston for Respondents.

SEAWELL, J.—Plaintiff brought this action to obtain a judicial determination that he had exercised an option to renew contained in a lease of premises in San Francisco

owned by defendants, and was entitled to possession of said premises for a term of two years. From a judgment which decreed that plaintiff had not exercised said option, and that defendants and cross-complainants should be restored to possession, plaintiff prosecutes this appeal.

The lease in question was executed by one Kurz, then owner of the property, for a term of one year expiring on May 9, 1934, at a monthly rental of $45. The option to renew is as follows: "It is hereby agreed that the Lessee upon expiration of this lease have a two year option to renew this lease at a monthly rental not to exceed 20% increase of the present rental basis." It is agreed between the parties that this provision gave the lessee an option to renew the lease for a two-year term, the option to be exercised before expiration of the one-year lease period. Plaintiff conducted a shop on the leased premises for the sale of automobile accessories under the name of Colyear Motor Sales Company. Said shop was one of a number conducted by plaintiff in various cities in this state.

Defendants Mathew O. Tobriner and Oscar Tobriner purchased the property on or about February 2, 1934. The firm of Madison & Burke, real estate brokers in San Francisco, handled the transaction. Said firm and Kurz, the lessor, notified plaintiff after the sale to the Tobriners to remit the monthly rent payments to Madison & Burke. Plaintiff complied with this request. Madison & Burke regularly deducted a collection commission, and sent their checks for the balance to the Tobriners.

On February 16, 1934, almost three months before the lease was to expire, Mr. Dean Morrison, an employee of the firm of Madison & Burke, wrote to plaintiff as follows: "The new owners of your store at First Avenue and Geary Street have asked us to inquire of you if you intend to exercise the option provided for in your existing lease.

"Will you kindly notify us at your earliest convenience, as to your intentions."

Morrison testified that the defendant in fact had not asked him to ascertain plaintiff's intention with regard to the renewal; that he made the inquiry of his own initiative because if plaintiff did not wish to renew, he had another prospective tenant. In reply to Morrison's letter, Mr. F. E.

Nolen, for plaintiff, wrote to Madison & Burke as follows on February 19: "It is our intention, and you may consider this a notice, that we will exercise our option at the First Avenue and Geary Street location, which I believe to be· on a two year basis.

"This answers your note of February the 16th and please advise if any further notice is necessary to the new owners."

On February 22, Mr. Nolen sent another letter by registered mail as follows: "This will be a notice that we will renew the lease by exercising our option on the expiration date, May the 9th, and we assume the monthly rental will remain the same, as conditions do not warrant any change, as I think you will agree."

It is upon these two letters, written before the expiration of the lease term, that plaintiff relies to establish an exercise of the option to renew. The court found that in the circumstances shown plaintiff had not exercised the option. Defendant Mathew Tobriner testified that he refused this offer of plaintiff, communicated to him by Morrison of the real estate firm, to pay a monthly rental of $45 for a renewal, as he had a right to do, since the option authorized the lessor to demand an increased rental not to exceed $54 monthly. Said defendant directed Morrison to inform plaintiff that he had not exercised the option by offering to pay $45 a month; that defendants would not renew the lease for a rental of less than $54 a month; but that plaintiff could remain in possession after expiration of the term in May as a tenant from month to month for $45 until defendants should elect to terminate the tenancy.

Morrison testified that he informed Mr.· Nolen and Mr. Pimentel, manager of plaintiff's shop in San Francisco, of Tobriner's decision, including his offer that plaintiff might remain in possession upon a month to month basis at $45 a month after expiration of the lease term. Mr. Nolen and Mr.· Pimentel denied that Morrison had informed them in accordance with this testimony. By its judgment for defendants, the trial court resolved all conflicts in the evidence in favor of defendants.

Plaintiff continued to pay monthly rental of $45 through December 9, 1934, the last payment being made on November 6th. Plaintiff attempted to make a payment of $45 on or about December 10th, but it was refused. Subsequent to the

expiration of the term on May 9, 1934, further correspondence took place between those in charge of plaintiff's business and Madison & Burke and defendant Mathew Tobriner, who represented his father, defendant Dr. Oscar Tobriner. The court·found that notwithstanding plaintiff had not exercised the option to renew before expiration of the term, defendants offered to accept a rental of $54 monthly in October, 1934, but plaintiff's agents said that plaintiff was unwilling to pay a monthly rental in excess of $50, to which defendants would not agree.

The option provision clearly gave the lessor the right to demand a 20 per cent increase, that is, a monthly rental of $54, as a condition to renewal of the lease. (*Wright* v. *Kaynor*, 150 Mich. 7 [113 N. W. 779]; *Heyward* v. *Willmarth*, 87 App. Div. 125 [84 N. Y. Supp. 75]; *Sun Print. & Pub. Association* v. *Remington P. & P. Co.*, 201 App. Div. 3 [193 N. Y. Supp. 698]; in the Court of Appeals, 235 N. Y. 338 [139 N. E. 470]; *Bettens* v. *Hoover*, 12 Cal. App. 313 [107 Pac. 329].) If plaintiff informed defendants that he was willing to renew the lease only if defendants would continue the rental at $45, and defendants replied that they would renew the lease only if plaintiff would agree to pay $54 monthly, and plaintiff did not so agree, then plaintiff did not exercise the option.

The letters of February 19th and 22d, written by Mr. Nolen, authorized agent and employee of plaintiff, when considered together, are somewhat ambiguous. In both letters Nolen states that plaintiff will exercise the option, but the letter of February 22d is qualified by this statement: "We assume the monthly rental will remain the same, as conditions do not warrant any change, as I think you will agree." By this statement did Nolen mean that the plaintiff exercised the option in any event and would pay $54 a month if defendants demanded that sum, but merely expressed the hope that the rent would not be increased? Or did he mean that plaintiff exercised the option only on condition that defendants would consent to a monthly rental of $45 for the renewal? The testimony of defendant Mathew Tobriner, an attorney at law, indicates that he placed the latter construction on plaintiff's letters as their contents were communi· cated by Morrison to him.

If Tobriner had not expressed himself upon his interpretation of plaintiff's communications, and caused his views

to be communicated to plaintiff through Morrison, a question would be presented as to whether the right to a renewal of the lease would not be established by plaintiff's remaining in possession after expiration of the term and continuing to pay $45 monthly with the acquiescence of defendants. (*Tay-Holbrook, Inc.* v. *Tut,* 218 Cal. 600 [24 Pac. (2d) 463].) But when plaintiff's authorized agents were informed by Morrison that Tobriner construed the letters of February 19th and 22d as an exercise of the option only on condition that the rental for the renewed term should be $45, and that he was unwilling to renew the lease for a monthly rental of less than $54, it became the duty of plaintiff if he wished to renew the lease to inform defendants that he would pay the increased rent. This he failed to do. As a result the option was not exercised before expiration of the term. Plaintiff continued to pay rent after expiration of the lease term at the rate of $45. But the acceptance thereof by defendants did not create a renewal for the two-year period at the lower figure, but, rather, an occupancy from month to month at that rate, since Morrison had communicated to those in charge of plaintiff's business Tobriner's offer to permit plaintiff to occupy the store on that basis at the expiration of the lease term.

Certain letters written by plaintiff's agents between March 6th and July 19th lend support to plaintiff's contention that Morrison had not informed them orally, as he testified, that Tobriner took the position that plaintiff had not accepted the option and that after May 9, 1934, plaintiff's occupancy at the rate of $45 a month would be on a month to month basis. According to plaintiff's witnesses, the first intimation they had that Tobriner took the stand that the option had not been exercised was contained in a letter of July 19th written by Tobriner to plaintiff. However, the trial court by its judgment for defendants accepted Morrison's testimony that he had fully informed plaintiff's agents. As an appellate court we cannot disturb the decision of the trial court on conflicting evidence. The above letters do not as a matter of law establish the falsity of Morrison's testimony.

Tobriner testified that Nolen's letters of November 1st and 7th, expressing willingness to pay rental at the increase of 20 per cent, were written only after plaintiff's agents

orally had informed him that plaintiff would not pay in excess of $50 a month.

On November 8, 1934, defendants sent to plaintiff at San Francisco and Los Angeles the following letter: ''You are hereby notified that your tenancy of the premises at 3652 Geary Boulevard, San Francisco, is hereby terminated as of midnight, December 9, 1934.

''You are further notified that rental for said premises commencing December 10th, 1934, and from that time on will be the sum of Seven Hundred and Fifty ($750.00) Dollars per month, and that if you remain in said premises subsequent to the time above specified, you will be held liable for rental at the rate of Seven Hundred and Fifty Dollars per month.''

On December 12th, the following notice was sent to plaintiff by defendants: ''Demand is hereby made upon you for immediate possession of the premises at 3652 Geary Boulevard, San Francisco, and demand is further made that you vacate and surrender said premises.'' On December 7th plaintiff had filed the instant action, and at the time of trial was still in possession. The trial court gave judgment for defendants against plaintiff for $1125, as rental from December 10, 1934, to the date of judgment, January 25, 1935, at the rate of $750 per month, and decreed that plaintiff should continue liable at that rate until surrender of possession. In so far as it allows this recovery the judgment is erroneous.

Plaintiff contends that it does not appear that the notice dated November 8th reached him by November 9th, which was necessary to terminate the tenancy from month to month at the rate of $45 a month as of midnight December 9, 1934. (Secs. 1946, 827, Civ. Code.) Conceding that the notice was effective as of that date, nevertheless defendants are not entitled to receive rent for the period beyond December 9th at the rate of $750 a month. Defendants rely on section 827 of the Civil Code, which provides that in all leases from month to month, the landlord may upon giving notice in writing at least thirty days before the expiration of the month, change the terms of the lease to take effect at the expiration of the month. ''The notice, when served upon the tenant, shall of itself operate and be effectual to create and establish, as a part of the lease, the terms, rent, and

conditions specified in the notice, if the tenant shall continue to hold the premises after the expiration of the month." A tenant holding over who does not assent to an increased rental, either expressly or impliedly, is liable therefor only where section 827 is controlling. For example, the section does not apply to a tenancy for a fixed term. A tenant for a fixed term who holds over beyond the term after notice given prior to expiration of the term of increased rental, in the absence of express or implied assent thereto is not liable for the increased rent, but is a tenant at sufferance, who must pay the reasonable value of the use for such time as he holds over. (*Cowell* v. *Snyder,* 15 Cal. App. 634 [115 Pac. 961]; *Canning* v. *Fibush,* 77 Cal. 196 [19 Pac. 376]; *Stoppelkamp* v. *Mangeot,* 42 Cal. 316; *Field* v. *Watson,* 94 Cal. App. 596 [271 Pac. 500]; *Meaher* v. *Pomeroy,* 49 Ala. 146; *Atkinson* v. *Cole,* 16 Colo. 83 [26 Pac. 815].) The tenancy at an increased rental cannot be imposed upon the lessee without his consent, but must rest on agreement.

We are of the view that section 827 does not apply to the case herein. Defendants did not, in the language of section 827, "purport to change the terms of the lease", and thereafter continue an existing tenancy on changed terms. Instead in clear and unequivocal language they "terminated" the tenancy as of midnight December 9, 1934. In the following paragraph they offered plaintiff a new tenancy from month to month at the rate of $750. Plaintiff never assented thereto. On December 7th he filed an action to establish his contention that he was in possession by virtue of a renewal of the lease for a term of two years.

That a new tenancy at the rate of $750 a month was never created is indicated by the conduct of defendants. On December 12, 1934, defendant Mathew Tobriner, an attorney at law, prepared and sent to plaintiff a demand for immediate possession. If a tenancy at the rate of $750 had come into existence, defendants could not rightfully have demanded immediate possession. If they desired to evict plaintiff for failure to pay $750 rental, then the proper form of notice would be in the alternative, to pay rent or surrender possession. (Sec. 1161, subd. 2, Code Civ. Proc.; 15 Cal. Jur. 783, 811.) If they wished to obtain possession in any event by terminating the tenancy at $750 a month, then a thirty-day notice was required.

Upon a retrial of the issue as to the amount of the money judgment which should be awarded defendants, the facts as to sending and delivery of the letter of November 8th, which were not clearly shown on the trial, may be established. If said notice became effective as of December 9, 1934, then after said date plaintiff was a tenant at sufferance liable for the reasonable value of the use (cases cited *supra*, and 15 Cal. Jur. 644, 816), or, perhaps, for the rate of rent paid during the term. (See *Cowell* v. *Snyder, supra.*) Otherwise plaintiff remained liable at the rate of $45 a month until termination of the tenancy.

As to the matter of notice, it may be said that where a statute requires notice and does not specify how it shall be given, the presumption is that personal service is required. (*Stockton Automobile Co.* v. *Confer,* 154 Cal. 402 [97 Pac. 881] ; *Long* v. *Chronicle Pub. Co.,* 68 Cal. App. 171 [228 Pac. 873] ; 20 Cal. Jur. 243; 21 Cal. Jur. 561.) This rule applies to notice of termination of tenancy given under section 1946 of the Civil Code or to a notice under section 827 of the Civil Code. Section 1012 of the Code of Civil Procedure, providing for service by mail relates to actions and proceedings provided for in the Code of Civil Procedure, and does not apply generally to all cases where notice is required to be given, independent of any action, under the Civil Code. However, personal service may be made through the instrumentality of the mails. The postoffice department, as well as any other type of messenger, may be used to effect personal service. (*Shearman* v. *Jorgensen,* 106 Cal. 483 [39 Pac. 863] ; *Heinlen* v. *Heilbron,* 94 Cal. 636 [30 Pac. 8].)

The judgment is reversed with directions to the trial court to retry only the issue as to the termination of the month to month tenancy at the rate of $45 a month and the amount which defendants are entitled to recover by reason of plaintiff's occupancy after December 9, 1934, and thereafter to enter judgment in accordance with the views herein expressed.

Curtis, J., Edmonds, J., Thompson, J., Waste, C. J., and Shenk, J., concurred.

Rehearing denied.