[Civ. No. 19211.   First Dist., Div. One.   Mar. 30, 1961.]

JEROME VANDENBERGH et al., Respondents, v.
ROBERT L. DAVIS, Appellant.

Anthony J. Wiechers for Appellant.

Raymond H. Levy for Respondents.

DUNIWAY, J.—This case calls to mind the old piece of English doggerel in praise of ''The Jolly Testator Who Makes His Own Will'' and of the litigation thereby created. Here we consider a lease, prepared by Trevor and Company,

realtors, containing a typed provision bearing the indicia—confusion, ambiguity, and uncertainty—of the lay draftsman. It was added to the company's printed lease form, and is characteristic of those "simple" instruments that lay draftsmen so often claim that they are entitled to prepare. It resulted in some two years of wrangling between these parties, culminating in the present lawsuit.

Defendant tenant appeals from the judgment and from the order denying his motion for a new trial. The latter order, as has been restated *ad nauseam,* is not appealable.

The action went to trial below on the first cause of action of a second amended complaint, the other four causes of action having been dismissed following the sustaining of a demurrer. In that cause of action respondent landlord sought declaratory and monetary relief under the lease, including attorney's fees. The answer sets up certain correspondence between the parties, and claims, in substance, that appellant's occupancy of the third floor, without paying rent, was rightful, and that no sufficient notice to quit was given. There appears to have been no pretrial.

The lease is pleaded *in haec verba* as an exhibit to the complaint, and was received in evidence. By it there is demised to appellant for a term of three years, beginning September 1, 1955, "the entire second floor" of a three-story and basement building at 701 Battery Street, San Francisco, at $125 per month for one year and $150 per month for the remaining two years. The controversial provisions are paragraphs 27 and 28, which read:

"27. Lessor covenants to reserve to lessee the right for first refusal to lease the third floor of the building containing the demised premises at a monthly rental not to exceed One Hundred Dollars ($100.00). Lessor further covenants to permit lessee the use and occupancy of the said third floor until such time that lessor leases the third floor and lessee has refused to lease same according to the terms of this article.

"28. Lessor covenants to reserve to lessee the right for first refusal to lease for a term which shall expire simultaneously with this lease the first floor of the building containing the demised premises at a monthly rental not to exceed Two Hundred Dollars ($200.00)." Subsequently appellant agreed, by letter, that "should I exercise the rights of paragraphs 27 or 28 in the lease . . . I will lease the third floor before leasing the second floor." This elegant document is on the letterhead of Trevor and Company.

It is a fair characterization of such evidence as was offered by the parties to say that it shows that by insisting upon an unreasonable construction of paragraph 27 appellant succeeded in occupying the third floor for the full term of the lease, without paying any rent for that privilege. The only evidence presented as to the negotiations leading up to the drawing of the two paragraphs 27 and 28 is as follows:

·Respondent listed the property for lease with Trevor and Company when they approached him saying that they had a prospective tenant, who turned out to be appellant. Trevor prepared the lease, and respondent paid them a commission. There was no conversation at all between respondent and appellant about the subject matter of the two paragraphs. If either of them told Trevor what he wanted, there is no evidence of it. The court could infer that Trevor was representing appellant when it approached respondent.

During the long controversy between the parties, appellant took the position that he was not required to exercise his "right for first refusal to lease the third floor" unless and until respondent had actually signed a lease of that floor to a third party, and that because respondent never did so, appellant could continue to occupy the floor rent free. The court thought this position unreasonable, and so do we. However, in its findings the court went much farther, and found that appellant had the right to use the third floor for a reasonable time or until he was called upon to exercise the option, whichever should first occur. We can find no warrant whatever for this construction of paragraph 27.

There is no particular mystery about a "first refusal." It indicates "the usual situation whereby if the owner receives an offer from a third party, the lessee . . . shall have a right to meet any such bona fide offer of the third party." (*Tamura* v. *De Iuliis,* 203 Ore. 619 [281 P.2d 469, 472].) This is the right provided for in the first sentence of paragraph 27 and in paragraph 28, subject to one qualification—that the maximum rent appellant would have to pay for the third floor would be $100 per month, or, for the first floor, $200 per month. There is nothing to indicate that the right was to endure only for a reasonable time. The provision is part of a three-year lease, and is one of the considerations moving from respondent to appellant. We think that appellant's rights in the third floor were for the duration of the lease, but subject to termination whenever he failed to exercise his right of first refusal upon respond-

ent's having a bona fide offer from a third party. In such a case, if he desired to exercise his rights, he would have to pay, thereafter, the rent offered for the third floor by the third party, but not over $100 per month.

■ On the other hand, we think that appellant's claim that an actual lease to a third party would have to be executed by respondent before he could call upon appellant to lease the third floor is unreasonable, and is not compelled by the language of paragraph 27, even though that is what the second sentence appears to say. ■ The rule that a document is to be construed against the party preparing it (respondent, whose agent Trevor was), does not compel an unreasonable construction (Civ. Code, § 1655) or one inconsistent with the nature of the contract or the main intention of the parties (Civ. Code, § 1653), or one involving an absurdity (Civ. Code, § 1638). Moreover, it appears probable that Trevor was agent for both parties. The word "leases" on which appellant relies is in a separate sentence dealing with the termination of his occupancy on his failure to exercise his first refusal, and appears to be layman's shorthand for "has an offer to lease."

■ The record also shows that on at least two occasions respondent did have a bona fide offer to lease, that proposed leases were prepared but not signed, that he communicated these offers to appellant, and that appellant declined to rent the third floor. He had also previously told respondent that he did not want to and could not afford to rent it, and he refused to let prospective tenants view the premises. On May 16, 1956, his attorney advised that he was vacating, but thereafter he refused to move out because the prospective lease to a third party fell through. This, however, does not necessarily indicate that the offer was not bona fide. The foregoing events occurred in April and May, 1956. The court found that appellant's right terminated on May 16, and, while the evidence is not entirely satisfactory, we think that the finding is supported. It is apparent that appellant did elect not to exercise his option; instead, he stood upon an interpretation of the lease that we have found to be unreasonable. (*Cf. Lohn* v. *Fletcher Oil Co.*, 38 Cal.App.2d 26 [100 P.2d 505]; *Siegel* v. *Lewis*, 74 Cal.App.2d 86 [168 P.2d 50]; *Colyear* v. *Tobriner*, 7 Cal.2d 735, 739-740 [62 P.2d 741, 109 A.L.R. 191].) Under these circumstances, the court's error as to a reasonable time is immaterial and so not a basis for reversal.

■ Appellant's right to occupy terminated when he declined to rent. At that point, because his rights terminated by the terms of the lease itself, he became a tenant at sufferance. (*Cf. McLeran* v. *Benton,* 73 Cal. 329, 339-340 [14 P. 879, 2 Am.St.Rep. 814].) As such, he was not entitled to any notice of termination of his rights. (*Canning* v. *Fibush,* 77 Cal. 196, 198 [19 P. 376]; *Colyear* v. *Tobriner, supra,* 7 Cal.2d 735, 742.) Here, as in *Canning,* no rent was paid for the third floor following the termination of appellant's rights, and so no new tenancy, at will or periodic, was created. Therefore, appellant's claim that he was entitled to a notice to quit—either 30-day or otherwise—is a false quantity in this case. This action was not brought to recover possession.

■ Since appellant's conduct in insisting on over two years' free occupancy of the third floor was wrongful, the court properly awarded attorney's fees under paragraph 14 of the lease, which expressly provides for such an allowance "in case suit shall be brought . . . on account of the breach of any . . . covenant therein contained, . . ." The amount of the award is not questioned.

■ For the same reason, the court did not err in not crediting, on the last two months' rent, the sum of $250, which was paid "as a bonus and independent consideration for the making of this lease" and was to be credited only "in the event lessee . . . performs all of the terms, covenants and conditions hereof . . . and not otherwise."

■ The court did not err in denying the motion for a new trial. Appellant was still in possession when the matter was submitted. The court, after making its findings, had a further hearing, after termination of the lease, to determine when appellant moved out and to fix the amount of additional rent due. The court found, on conflicting evidence, that defendant held over for part of one month, and awarded rent for that month, under paragraph 21 of the lease, which provided for such rent. At the hearing, the court believed that appellant lied, and said so. Appellant, in his motion for new trial, by affidavit, presented further testimony by himself relating to this issue. It was within the court's discretion to deny the motion, which related primarily to the credibility of the parties.

No other errors are assigned.

Respondent asks that we award additional counsel fees for defending this appeal, pursuant to the provisions of the lease. We agree that those provisions justify such an award. The

enforcement of the lease " 'required that on appeal there should be a defense of the judgment.' " (*California Viking Sprinkler Co.* v. *Cheney,* 182 Cal.App.2d 564, 572 [6 Cal. Rptr. 197].)

The purported appeal from the order denying a new trial is dismissed. The judgment is affirmed, and the trial court is directed to determine a reasonable attorney's fee for services performed on appeal and to add such fee to the principal amount of the judgment.

Bray, P. J., and Tobriner, J., concurred.