Filed 1/13/23; Modified and Certified for Pub. 2/8/23 (order attached)

APPELLATE DIVISION OF THE SUPERIOR COURT

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| ROXBURY LANE LP, | ) | No. BV 033834 |
| Plaintiff and Appellant, | ) ) | Stanley Mosk Trial Court |
| v. | ) ) | No. 22STUD01725 |
| BENJAMIN HARRIS, | ) ) | |
| Defendant and Respondent. | ) ) | **OPINION** |
| | ) | |

Plaintiff and appellant Roxbury Lane LP filed an unlawful detainer complaint against defendant and respondent Benjamin Harris. Defendant moved for summary judgment on the ground that the landlord did not base its eviction action on one of the enumerated grounds authorized under the Los Angeles Rent Stabilization Ordinance (LARSO), as codified in the Los Angeles Municipal Code (LAMC). The trial court granted the motion. In this appeal, plaintiff contends the court erred because, after serving a notice of intent to vacate and then failing to move out by the specified date, defendant became a tenant at sufferance and his "occupancy" of the premises was not subject to LARSO. We affirm the judgment.

**BACKGROUND**

On April 20, 2022, plaintiff sued defendant in unlawful detainer. The complaint alleged that, on March 18, 2022,[1] defendant delivered to plaintiff's property manager a 30-day notice of

---

[1]All unspecified dates are to the year 2022.

1

his intent to terminate the lease and vacate the premises (an apartment) located on North Rodney Drive in the City of Los Angeles, but that he failed to do so before expiration of the notice. In his amended answer filed on May 5, defendant generally denied the allegations of the complaint and set forth a variety of affirmative defenses. Among the affirmative defenses alleged, defendant asserted that plaintiff did not state or have a cause for the eviction under LARSO (LAMC § 151.09(C)).

On May 18, defendant filed a motion for summary judgment supported by the declaration of defense counsel and attached exhibits, including a copy of a report from the "Zone Information and Map Access System" (ZIMAS) pertaining to the Rodney Lane property and which indicated it was subject to LARSO. Defendant argued plaintiff's eviction action was not based on a permitted ground under LARSO and that the notice on which it was premised was therefore defective. Defendant noted his purported 30-day notice of intent to vacate the premises was also not a permitted ground for eviction under LARSO.

Plaintiff's opposition countered that LARSO did not apply because defendant was a "tenant at sufferance" and not a "tenant" as defined in LAMC section 151.02.[2] According to plaintiff, since there was no landlord-tenant relationship between the parties, its unlawful detainer action was outside LARSO and proper under Code of Civil Procedure section 1161, subdivision (5).[3] Plaintiff also argued that defendant's failure to support his motion with a declaration of his own resulted in a lack of evidence that he was a tenant who paid rent to a landlord.

Defendant responded he was a tenant because he had occupied a rental unit subject to a rental agreement between himself and plaintiff and that his tenancy was converted to a month-

---

[2]LAMC section 151.02 defines "tenant" as "[a] tenant, subtenant, lessee, sublessee or any other person entitled to use or occupancy of a rental unit."

[3]Undesignated statutory references are to the Code of Civil Procedure.
Section 1161, subdivision (5), provides: A tenant of real property, for a term less than life, is guilty of unlawful detainer "[w]hen the tenant gives written notice as provided in Section 1946 of the Civil Code of the tenant's intention to terminate the hiring of the real property, . . . but fails to deliver possession at the time specified in that written notice, without the permission of the landlord, or the successor in estate of the landlord, if applicable."

to-month tenancy in February 2021 when the agreement expired and defendant continued to occupy the premises and pay rent. Defendant averred that plaintiff continued to accept rent payments until immediately before filing the underlying unlawful detainer action in April 2022.

On June 20, the court granted defendant's motion and entered judgment in his favor.

## DISCUSSION

On appeal, plaintiff argues defendant was a tenant at sufferance and his tenancy was therefore not subject to LARSO. Plaintiff further contends an eviction under section 1161, subdivision (5), was permissible.

### *Applicable Law*

In reviewing the trial court's order granting summary judgment in an unlawful detainer action, "the standard of review is de novo. [Citation.]" (*Coral Construction, Inc. v. City & County of San Francisco* (2010) 50 Cal.4th 315, 336.) The appellate court assumes ""'"the role of a trial court and appl[ies] the same rules and standards which govern a trial court's determination of a motion for summary judgment." [Citation.]' [Citation.]" (*North 7th Street Associates v. Constante* (2016) 7 Cal.App.5th Supp. 1, 4.) In particular, the reviewing court (1) "identif[ies] the issues framed by the pleadings," (2) "determine[s] whether the moving party's showing has established facts which negate the opponent's claim and justify a judgment in movant's favor," and (3) when a motion "prima facie justifies a judgment, . . . determine[s] whether the opposition demonstrates the existence of a triable, material factual issue." (*Ibid.*, citation omitted.)

A landlord's failure to satisfy the eviction requirements in LARSO provides the tenant with an affirmative defense to the former's unlawful detainer action. (See, e.g., *Birkenfeld v. City of Berkeley* (1976) 17 Cal.3d 129, 149 [a landlord's violations of a city's housing code may be the basis for an affirmative defense]; *Gross v. Superior Court* (1985) 171 Cal.App.3d 265, 276 [failure to comply with a local rent stabilization ordinance was a proper defense by the tenants to an unlawful detainer action]; LAMC § 151.01 ["violations of any of the provisions of [LARSO] may be raised as affirmative defenses in unlawful detainer proceedings"].)

3

LAMC section 151.09(A) authorizes a landlord to "bring an action to recover possession of a rental unit." LARSO defines "rental units" as "[a]ll dwelling units, efficiency dwelling units, guest rooms, and suites, . . . and all housing accommodations as defined in Government Code section 12927, and duplexes and condominiums in the City of Los Angeles, rented or offered for rent for living or dwelling purposes." (LAMC § 151.02.) Government Code section 12927, subdivision (d), defines a "Housing accommodation," as relevant, as "any building, structure, or portion thereof that is occupied as, or intended for occupancy as, a residence by one or more families . . . ."

*Analysis*

LARSO sets forth 14 enumerated grounds for evicting a tenant.[4] Plaintiff does not dispute that defendant's failure to vacate the premises after serving a 30-day notice of intention to vacate is not an authorized ground for eviction under LARSO. Rather, plaintiff maintains that expiration of the 30-day notice without defendant moving out terminated the tenancy, as a result of which he became a "tenant at sufferance" and LARSO did not apply. We reject plaintiff's argument.

---

[4]LAMC section 151.09(A) authorizes a landlord to recover possession of a rental unit "only upon one of the following grounds": (1) failure to pay rent; (2) violation by tenant of a lawful obligation of the tenancy and failure to cure after proper notice; (3) nuisance by, or permitted to exist by, tenant; (4) tenant's use of rental unit or common area for an illegal purpose; (5) after termination of written lease or rental agreement, tenant's refusal to execute a written extension or renewal of a further lease term of like duration with similar provisions, after written request or demand to do so; (6) tenant's refusal to allow landlord reasonable access to the unit to make repairs, inspect or show the unit to a prospective purchaser; (7) possession of the unit after end of lease term by an unapproved subtenant; (8) landlord seeks in good faith to recover possession for use and occupancy as a primary residence by landlord, landlord's spouse or immediate family members, or a resident manager; (9) landlord seeks in good faith to recover possession to undertake Primary Renovation Work in accordance with an accepted Tenant Habitability Plan, and tenant unreasonably interferes by failing to temporarily or permanently relocate; (10) landlord seeks in good faith to recover possession to demolish the unit or remove it permanently from rental housing use; (11) landlord seeks in good faith to recover possession to comply with a governmental agency order; (12) the HUD Secretary is both the owner and plaintiff and seeks to recover possession in order to vacate the property prior to sale; (13) the rental unit is in a Residential Motel and landlord seeks to recover possession to convert or demolish the unit; and (14) landlord seeks to recover possession to convert the property to an affordable housing accommodation in accordance with an affordable housing exemption.

A tenant for a fixed term who holds over beyond expiration of the term becomes a "tenant at sufferance." (*Colyear v. Tobriner* (1936) 7 Cal.2d 735, 742 (*Colyear*).) As such, he "must pay the reasonable value of the use for such time as he holds over" (*ibid*.) "or, perhaps, . . . the rate of rent paid during the term" (*id*. at p. 743). He is thus not a trespasser but, as noted in *Gartlan v. C. A. Hooper & Co.* (1918) 177 Cal. 414, one who went "into possession of land lawfully and occupie[d] it afterward without any title at all. [Citations.]" (*Id*. at p. 426; see also *Kaufman v. Goldman* (2011) 195 Cal.App.4th 734, 740 ["when a tenant continues in possession after the expiration of a fixed term, a 'tenancy-at-sufferance' is created"].)

Even granting defendant's status as a tenant at sufferance, plaintiff's claim that this put the underlying eviction outside of the protection of LARSO is without support.[5] After quoting the LARSO definition of "tenant"—i.e., "[a] tenant, subtenant, lessee, sublessee or any other person entitled to use or occupancy of a rental unit" (LAMC § 151.02)—plaintiff notes it does not include a tenant at sufferance. To be sure, the definition does not expressly include that term. But, neither does it include the terms "tenant at will" and "holdover" tenant, both of which are presumably covered under the language "any other person entitled to use or occupancy of a rental unit."[6] To the extent defendant may thus be regarded as "hold[ing] over" beyond the expiration of his lease term (see *Colyear*, *supra*, 7 Cal.2d at p. 742), he too is a tenant under LARSO. In any case, as noted above, LAMC section 151.09(A) authorizes a landlord to "bring an action to recover possession of *a rental unit*." (Italics added.) Thus, the

---

[5]Plaintiff argued in the trial court that the copy of the ZIMAS report produced by defendant indicated only that the *building* on the Rodney Drive property was subject to LARSO, not the specific *apartment* in which defendant resided. Plaintiff does not advance this argument on appeal (and in fact makes no mention of the ZIMAS report), but it is clear his position remains unchanged—at least to the extent the tenant himself, or perhaps his rental unit, can somehow be *removed* from the protection of LARSO. As discussed herein, we reject this proposition. That said, we also note that, in connection with defendant's summary judgment motion, production of the ZIMAS report was sufficient to meet his prima facie burden with respect to establishing LARSO applied.

[6]For example, LAMC section 151.09(A)(5) conditions the eviction of a tenant whose lease has terminated on the landlord's offer to renew/extend the lease on similar terms.

authorization to bring an eviction action under LARSO requires, not a particular type of tenancy, but the existence of a "rental unit."[7]

Nor does section 1161, subdivision (5),[8] provide a separate or alternative ground for eviction. Section 1161 merely sets forth the procedural rules for initiating unlawful detainer actions, whereas local housing ordinances such as LARSO define a landlord's substantive rights in seeking eviction. "The purpose of the unlawful detainer statutes is procedural. . . . In contrast the [municipal rent control ordinance's] elimination of particular grounds for eviction is a limitation upon the landlord's property rights under the police power, giving rise to a substantive ground of defense in unlawful detainer proceedings." (*Birkenfeld v. City of Berkeley*, *supra*, 17 Cal.3d at p. 149.) Thus, section 1161, subdivision (5), did not provide plaintiff with an escape hatch from the requirements of LARSO. Plaintiff cites no authority for its position that a tenant at sufferance loses the protection of LARSO, even though he rented and resides in a rental unit as defined under LARSO.[9]

## DISPOSITION

The judgment is affirmed. Costs on appeal are awarded to defendant.

---

[7]At oral argument, as well as in its opening brief, plaintiff suggests our understanding of the ordinance's definition of "tenant" results in LARSO protections for tenants who seek to voluntarily terminate their leases, i.e., tenants whom the municipality did not intend to protect. First, it is not entirely clear that defendant is appropriately characterized as an individual who desired to vacate the premises. Although he initially served a notice indicating he would vacate the unit in March, he did not do so, and an unlawful detainer action was required to instigate his *involuntary* removal from the property. Second, even if the application of LARSO creates a result considered to be anomalous, "that anomaly is properly addressed to the [appropriate legislative body], not this court." (*Jaramillo v. County of Orange* (2011) 200 Cal.App.4th 811, 827.)

[8]As noted above (see footnote 3), section 1161, subdivision (5), provides for the eviction of a tenant who "gives written notice as provided in Section 1946 of the Civil Code of the tenant's intention to terminate the hiring of the real property, . . . but fails to deliver possession at the time specified in that written notice, without the permission of the landlord."

[9]Plaintiff also asserts defendant offered no evidence that he is a tenant who paid rent to a landlord. This argument is part and parcel with plaintiff's claim that a tenant at sufferance is not a tenant and not protected under LARSO. But, just as plaintiff offered no legal authority for its position that a tenant at sufferance loses the protection of LARSO, so too it offers no authority for the proposition that proof of tenancy is an element of defendant's affirmative defense. (Cal. Rules of Court, 8.883(a)(1)(A); *Maral v. City of Live Oak* (2013) 221 Cal.App.4th 975, 984-985 ["'[A]n appellate court is not required to examine undeveloped claims, nor to make arguments for parties'"].)

6

_____
                                        Kumar, Acting P. J.

We concur:


_____          _____
Ricciardulli, J.                        Richardson, J.

APPELLATE DIVISION OF THE SUPERIOR COURT

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| ROXBURY LANE LP, | ) | No. BV 033834 |
| | ) | |
| Plaintiff and Appellant, | ) | Stanley Mosk Trial Court |
| | ) | |
| v. | ) | No. 22STUD01725 |
| | ) | |
| BENJAMIN HARRIS, | ) | **ORDER GRANTING REQUEST** |
| | ) | **FOR PUBLICATION AND** |
| Defendant and Respondent. | ) | **MODIFYING OPINION** |
| | ) | |
| | ) | |

Appellant's request to certify for publication the opinion filed herein on January 13, 2023, is granted.  (Cal. Rules of Court, rule 8.1105(c)(2), (6) & (8).)

It is ordered that the opinion be modified as indicated below.  The modification does not change the judgment.

1.  On page 1, line 1, insert the following, justified to the right margin:

"**TO BE PUBLISHED IN THE OFFICIAL REPORTS**"

2.  On Page 1, line 2, insert the following, justified to the left margin:

"This opinion has been certified for publication in the Official Reports.  It is being sent to assist the Court of Appeal in deciding whether to order the case transferred to the court on the court's own motion under rules 8.1000-8.1018."

3.  On page 1, line 7, insert "**CERTIFIED FOR PUBLICATION**"

4.  On page 1, line 17, insert the following:

1

"APPEAL from a judgment of the Superior Court of Los Angeles County, Victor G. Viramontes, Judge.  Affirmed.

"Allen R. King of the Law Office of Allen R. King, for Plaintiff and Appellant Roxbury Lane LP.

"Sarah Cayer, Benjamin J. Barnett of the Inner City Law Center, for Defendant and Respondent Benjamin Harris."

5.     On page 2, line 12, delete "Lane" and replace it with "Drive."

6.     On page 6, line 2, insert "qualifying" before "'rental unit.'"


_____          _____          _____

Kumar, Acting P. J.                 Ricciardulli, J.                        Richardson, J.

2