[Civ. No. 17149. Third Dist. Sept. 5, 1978.]

GREG WILCOX et al., Plaintiffs and Appellants, v.
HENRY ANDERSON, Defendant and Respondent.

594

[black redaction]

[black redaction]

[black redaction]

[black redaction]

COUNSEL

Robert Eli for Plaintiffs and Appellants.

Weintraub, Genshlea, Giannoni & Sproul and Joseph S. Genshlea for Defendant and Respondent.

OPINION

**PARAS, J.**—Plaintiffs Greg and Barbara Wilcox (hereinafter collectively Wilcox) appeal from an adverse judgment declaring that they had no option to purchase a Nevada City· residence from defendant Henry Anderson.

On August 28, 1973, Wilcox leased the residence from Anderson at $200 per month for one year, effective September 5, 1973. The written

lease included an option to buy the property for $27,500, a $150 security deposit and an additional $350 credit to be applied to the purchase price.

In June 1974, the parties entered into negotiations to extend the lease. Since Wilcox did not wish to commit for an extended period, the parties agreed that Wilcox should remain in possession after the expiration of the lease on a month-to-month tenancy, at a monthly rental of $165. This agreement was set forth in a letter to Wilcox dated July 18, 1974, and signed by both parties, relevant portions of which are as follows:

"1(a)  You have elected *not* to renew your lease . . . and at this time are unable to exercise your option to purchase.

"(b)  I have agreed to let you stay on in month-to-month carryover status from the lease, at the figure of $165/mo. rent, commencing with the August 5 payment.

"(c)  Properly construed, non-renewal of the lease should forfeit both the $500 credit and the option to purchase . . . . I am willing to leave *both* the option and the credit alive as valid assets in your hands *as long as you remain tenants*. . . .

"3.  We are eliminating the leasehold committment [*sic*] in favor of month-[to-] month status, which means 30-day notice in either direction at any time. . . ." (Italics added.)

On June 13, 1975, Anderson wrote a letter to Wilcox inquiring whether they would exercise the option and stating that he would "hold that offer open for *you* into the July-August area" of 1975. (Italics in original.) Wilcox did not exercise the option within that time. They continued as month-to-month tenants until May 1976, when Barbara Wilcox sent a letter to Anderson asking if he was still willing to sell the property. Anderson replied negatively in a telephone call to Greg Wilcox, then sent a letter stating, inter alia, that "an option is good for the period of the agreement in which it appears . . . in a month-to-month agreement, it runs 30 days at a time, and is subject to cancellation at any time with 30 days notice. . . . You were notified."

Six months later, Wilcox attempted to exercise the option. Anderson rejected the effort, asserting again that the option was no longer in being. Wilcox brought this suit seeking declaratory relief and specific performance.

■ Wilcox contend that the option was still valid when they undertook to exercise it because by its terms it was to run "as long as [they] remain[ed] tenants," and they were still tenants at the time. They further contend that it could not be limited or terminated by Anderson's letter of June 13.

This case is governed by Civil Code section 827, which provides in pertinent part: "In all leases of lands or tenements . . . from . . . month to month . . . *the landlord may,* upon giving notice in writing to the tenant, in the manner prescribed by Section 1162 of the Code of Civil Procedure, *change the terms of the lease* . . . to take effect at the expiration of not less than 30 days . . . .

"The notice, when served upon the tenant, shall of itself operate and be effectual to create and establish, as a part of the lease, the terms, rents, and conditions specified in the notice, if the tenant shall continue to hold the premises after said notice takes effect." (Italics added.) (See generally 3 Witkin, Summary of Cal. Law (8th ed. 1973) Real Property, § 430, p. 2115.)

Anderson's June 13, 1975, epistolary notice to Wilcox that the option would remain in effect only through "the July-August area" of 1975 necessarily changed the terms of the month-to-month tenancy by deleting the option clause, effective no later than August 31, 1975.

*Spaulding* v. *Yovino-Young* (1947) 30 Cal.2d 138, 144 [180 P.2d 691], does not assist Wilcox. There the Supreme Court held that a purchase option included in a two-year lease did not remain in force during the "hold-over" period following expiration "unless clear words are used to express that purpose." Here we recognize that by express agreement the option survived the base term and continued into the succeeding month-to-month tenancy; it does not follow however that the option clause could not thereafter be deleted from the tenancy by means short of a total and complete termination thereof (which Wilcox concede would have had that effect). Civil Code section 827 provides otherwise.

The June 13 notice was delivered by mail, which satisfied the service requirement of Code of Civil Procedure section 1162. (*University of So. Cal.* v. *Weiss* (1962) 208 Cal.App.2d 759, 769 [25 Cal.Rptr. 475]; *Colyear* v. *Tobriner* (1936) 7 Cal.2d 735, 743 [62 P.2d 741, 109 A.L.R. 191]. See generally Witkin, *supra,* and Moskovitz et al., Cal. Eviction Defense Manual (Cont.Ed.Bar 1971) § 3.21, p. 16.) Wilcox do

not contend that the letter was not received; the only dispute is over its legal effect. Accordingly, Wilcox were sufficiently notified of the termination of the option and were bound by the change.[1]

The judgment is affirmed.

Puglia, P. J., and Reynoso, J., concurred.

---

[1]This determination makes it unnecessary to discuss other contentions of the parties.