Opinion
FAINER, J.
Defendant appeals from an unlawful detainer judgment contending that the notice terminating his month-to-month tenancy was not properly served; that the 30-day period of the notice was extended 5 days under Code of Civil Procedure[1] section 1013, subdivision (a) because it was served by mail; that plaintiff had waived the right to proceed in this unlawful detainer action because it had accepted defendant’s rent check during the 30-day notice period, and finally, that defendant was entitled to certain relocation and notice rights under the California Administrative Code, title 25, chapter 6 because plaintiff had acquired the rented premises from defendant in a real property acquisition under the authority of the Pasadena Redevelopment Agency herein called Agency.
These contentions are without merit and we affirm the judgment.
Defendant had owned real property in Pasadena which was used as his business and residence. After eminent domain proceedings were commenced against him by the Agency, defendant agreed with the Agency to sell the property to plaintiff or its assignees, reserving to plaintiff a leasehold interest therein. Plaintiff subsequently arranged for *Supp. 6 Fair Oaks Partnership to purchase said property. The terms of the sale permitted defendant to remain in possession without charge until June 30, 1977, and then at a monthly rental until December 31, 1978, when his rights under the sales agreement expired.
As a part of the sales transaction, defendant assigned his relocation assistance right from the Agency to plaintiff.
On February 9, 1979, plaintiff had the marshal serve a 30-day notice terminating defendant’s month-to-month tenancy. (Civ. Code, § 1946.) This service was accomplished on February 9, 1979, by posting the notice on the property and mailing a copy on the same day to defendant’s address. Defendant did not vacate the premises. Plaintiff filed its unlawful detainer complaint on March 16, 1979.
1. The service of the 30-day notice was proper.
Defendant contends that the service of the notice by posting and mailing did not comply with the provisions of section 1162, subdivision 3. He argues that posting and mailing method of service of a notice terminating a tenancy must be preceded by an attempted personal service. Section 1162 provides three methods of service of notices terminating a tenancy; by personal delivery to the tenant or by substituted service when the tenant is absent from his place of residence and from his usual place of business by leaving a copy with some person of suitable age and discretion at either place and sending a copy by mail addressed to the tenant’s residence address, or by substituted service by posting and mailing when the tenant’s residence and business addresses cannot be ascertained.
This code section does not require a showing of reasonable diligence in attempting personal service before utilizing the substituted service provisions, as required in section 415.20, subdivision (b). The “post and mail” provision of section 1162, subdivision 3 does require, however, that if the tenant cannot be located for personal service that the person making this substituted service first determine either that the tenant’s “... place of residence and business cannot be ascertained, or that a person of suitable age or discretion there cannot be found....” The deputy marshal who made the substituted service in our present case testified that when he attempted to serve the 30-day notice on defendant, no one answered his knock on the door of the premises which had been identified to him as the place of residence and business of de *Supp. 7 fendant. When there was no response to the deputy’s knock, he then posted the notice “in a conspicuous place on the property” and mailed a copy to the place where the property is situated. This is substantial evidence supporting the trial court’s finding that there had been a proper service of the notice utilizing the “post and mail” provisions. When defendant could not be found, one of the two ways of substituted service of the notice was proper and when a person of suitable age and discretion could not be found, the “post and mail” method of service could be accomplished.[2] The service of the 30-day notice to terminate defendant’s month-to-month tenancy was proper under the provisions of section 1162, subdivision 3.[3]
2. Section 1013, subdivision (a) does not extend the notice period under Civil Code section 1946 when the notice is served pursuant to the “post and mail” provisions of section 1162, subdivision 3.
The notice to terminate was served on February 9, 1979, and the unlawful detainer action was filed 35 days later on March 16, 1979. The 35 days is computed, under section 12, by excluding the first day, February 9th and including the last day, March 16th. If the defendant is correct in his contention that the 30-day notice period is extended 5 additional days because the service was accomplished by the “post and mail” procedure, then the unlawful detainer action was filed prematurely and the judgment must be reversed. The tenancy is not terminated on the giving of the notice but on expiration of the notice period. (Nicolaysen v. Pacific Home (1944) 65 Cal.App.2d 769, 773 [151 P.2d 567].) There is no cause of action until after the tenancy has been terminated. (See Bauer v. Neuzil (1944) 66 Cal.App.2d Supp. 1020, 1029 [152 P.2d 47].) We hold that the notice period is not extended by provisions of section 1013, subdivision (a) and plaintiffs *Supp. 8 unlawful detainer action was not prematurely filed. The more recent and better reasoned appellate court decisions have held that the provisions of section 1013, subdivision (a) are applicable to all pleadings, notices and other documents filed subsequent to the filing and service of the complaint[4] unless the Legislature has expressed a clear intention to exclude a subsequently filed document from the extension provisions.[5] Delgado v. Superior Court (1977) 74 Cal.App.3d 560 [141 Cal.Rptr. 528] (motion for change of venue); Shearer v. Superior Court (1977) 70 Cal.App.3d 424 [138 Cal.Rptr. 824] (petition for writ of mandamus); Shell Oil Co. v. Superior Court (1975) 50 Cal.App.3d 489 [123 Cal.Rptr. 307] (pretrial discovery motion); California Accounts, Inc. v. Superior Court (1975) 50 Cal.App.3d 483 [123 Cal.Rptr. 304] (pretrial discovery motion); Richards v. Miller (1980) 106 Cal.App.3d Supp. 13 [165 Cal.Rptr. 276].) The appellate courts have not permitted the extension provisions to be expanded to pre-complaint government tort claims (Smith v. City and County of San Francisco (1977) 68 Cal.App.3d 227 [137 Cal.Rptr. 146]; Thierfeldt v. Marin Hosp. Dist. (1973) 35 Cal.App.3d 186 [110 Cal.Rptr. 791]), but have applied the extensions of section 1013, subdivision (a) to service of notices of decisions and orders of administrative agencies and tribunals (Pesce v. Dept. Alcoholic Bev. Control (1958) 51 Cal.2d 310, 311 [333 P.2d 15]) and to the criminal trial court related 180-day period set forth in Penal Code section 1305 to move the court to set aside a prior court order forfeiting and exonerating bail (People v. National Automobile & Casualty Ins. Co. (1979) 92 Cal.App.3d 907 [155 Cal.Rptr. 602]). In a 1936 case (Colyear v. Tobriner (1936) 7 Cal.2d 735, 743 [62 P.2d 741, 109 A.L.R. 191]) our Supreme Court, in an interpretation of the extension provisions of a predecessor of section 1013, subdivision (a), stated that mail provisions of the Code of Civil Procedure did not apply to the *Supp. 9 situations where notice is required to be given, under the Civil Code, independent of any action. (See White v. De Martini (1960) 183 Cal.App.2d 665, 668 [6 Cal.Rptr. 782].) We believe that this rule is still applicable for notices required as condition precedent to an unlawful detainer action even though the method of giving the notice is now set forth in the Code of Civil Procedure.
The purpose of section 1013, subdivision (a) is to make allowances for the uncertainties of mail delivery by giving recipients of mailed notices or papers longer time to act or to exercise their rights. It seems clear, however, that the code provisions are limited to civil proceedings where either a civil action is pending or where notice is required for the decision or order of an administrative agency or where court related civil proceedings are involved. The extension provisions are not applicable to any other notice provisions even though the notice is a prerequisite to a civil proceeding.
Turning our attention specifically to unlawful detainer actions we point out that the Legislature, in its wisdom, has made this summary remedy available to landlords to remove tenants. The procedure substantially limits the time in which a defendant-tenant may plead to an unlawful detainer complaint (§§ 1167, 1167.3, 1167.4). The right to a continuance under section 1054 is limited to 10 days without the consent of the adverse party and trial of the action takes precedence over all other civil actions (§ 1179a). There is one statutory exception to the extension provisions of section 1013, subdivision (a) when the notice or other documents are served by mail that expressly refers “directly to” unlawful detainer actions. That exception is in section 594, providing for notice of trial by mail and expressly states that the “... time provisions of section 1013 shall not serve to extend the notice of trial requirements.. .for unlawful detainer actions.” This code provision is a direct expression of a legislative intent to preserve the summary characteristics of an unlawful detainer action after the complaint has been filed and implies a clear legislative intent to exclude the notice requirements for the terminations of tenancies from the time extension provisions of section 1013.
There is an unmistakable benefit to litigants and their lawyers in civil actions in having a uniform application of the provisions of section 1013, subdivision (a). There is, however, no reason to extend the time *Supp. 10 for every notice that must be given as required by some statute or even by a contract or custom simply because the notice is served by mail. (Alphonzo E. Bell Corp. v. Listle (1942) 55 Cal.App.2d 300, 306 [130 P.2d 251].) Such an application of section 1013, subdivision (a) would cause great confusion and mischief in the nonlegal community. We recognize that the notice to terminate a tenancy is often the first step in an important civil proceeding but not only would the application of section 1013, subdivision (a) as advocated by defendant create confusion and frustration for landowners but such a rule would extend the time for defaulting and hold-over tenants to remain in possession of the premises contrary to the legislative intent to provide the landlords with a summary proceeding.
If we were to adopt defendant’s contention, a 30-day notice to terminate a tenancy would be a 35-day notice and a 3-day notice to correct a default or quit would become an 8-day notice. This is a result that is obviously not intended by the Legislature.
Finally, we point out that the Legislature, in providing for the substituted service of notices to tenants under section 1162, was aware of the uncertainties of mail delivery and yet continued to treat unlawful detainer actions as summary proceedings. In the absence of personal service on the tenant, the Legislature required notice to be left at the tenant’s residence or place of business either with a person of suitable age and discretion (§ 1162, subd. 2) or, if no such person is found, by affixing a copy of the notice in a conspicuous place on the property (§ 1162, subd. 3). The mailing of a copy of the notice is required as a backup notice. A similar backup mailing provision is found in section 415.20, subdivisions (a) and (b). The provision of section 1013 extending the time for filing a responsive pleading is not applicable to substituted service under section 415.20 even though part of the service is by mail. (§ 413.20.) Applying a maxim of jurisprudence, “[w]here the reason is the same, the rule should be the same” (Civ. Code, § 3511), we conclude that the Legislature intended the same rule to apply to substituted service under section 1162.
We reject defendant’s contention that the lawsuit was filed prematurely. The unlawful detainer action was filed more than 30 days after the notice of termination of defendant’s tenancy had been served on him. The notice period was not extended five days under the provisions of section 1013, subdivision (a) because the service was under the “post and mail” provisions of section 1162, subdivision 3.
*Supp. 11 3. The plaintiff did not accept a payment of rent from defendant after the service of notice terminating the month-to-month tenancy.
If a landlord accepts rent after an alleged breach of a covenant with full knowledge of all of the facts, he waives the breach and is precluded from declaring a forfeiture of a lease for that waived breach. (Kern Sunset Oil Co. v. Good Roads Oil Co. (1931) 214 Cal. 435, 440 [6 P.2d 71, 80 A.L.R. 453]; Salton Community Services Dist. v. Southard (1967) 256 Cal.App.2d 526, 533 [64 Cal.Rptr. 246]; Julien v. Gossner (1951) 103 Cal.App.2d 338, 344 [229 P.2d 786].) Tender of rent and its acceptance by the landlord within the notice period probably results in an implied withdrawal of the landlord’s notice to terminate the periodic tenancy provided the rent accepted is sufficient to cover a period beyond the 30-day period. The mere tender of the rent does not, however, result in a waiver. In order for there to be a waiver, the landlord must accept the rent and the rent accepted must be an amount sufficient to cover the rent period beyond the period specified in the termination notice. This situation is different from the case where the tenant is in default for his failure to pay rent and has been served with a notice to pay the rent due or “quit” the rented premises. In that case, the tenant can cure the rent default by tendering the rent due and the landlord cannot refuse the tender in response to the alternative notice. (See Mau v. Hollywood Commercial Buildings, Inc. (1961) 194 Cal.App.2d 459, 469 [15 Cal.Rptr. 181]; Walker v. Houston (1932) 215 Cal. 742, 746 [12 P.2d 952, 87 A.L.R. 937]; Owen v. Herzihoff (1906) 2 Cal.App. 622, 623 [84 P. 274].)
In our present case, the defendant contends that since the plaintiff-landlord held the defendant’s checks for the February and March rent, which he had given to plaintiff before he had received the notice to terminate, there was an implied withdrawal of the termination notice. The plaintiff presented evidence of various attempts on its part to return the rent checks to the defendant. Each time the checks were returned to the defendant, he would physically leave the checks in one of the plaintiff’s offices during the nonbusiness hours of plaintiff. Defendant had access to these offices of plaintiff because the premises occupied by defendant as plaintiff’s tenant provided open entry to plaintiff’s offices. The plaintiff never cashed the rent checks and kept possession of them because it experienced difficulty in returning them to defendant. The rent checks were eventually returned to defendant by slipping them under defendant’s door during the notice period. This evidence is sufficient to support the implied finding of the trial court that *Supp. 12 there was no acceptance of the tendered rent during the notice period. If the rent was not accepted by the landlord, there was no waiver of plaintiff’s termination of defendant’s month-to-month tenancy nor was there an implied withdrawal of the notice of termination.
4. Defendant was not entitled to have the unlawful detainer court consider his claim of relocation rights.
Defendant’s final contention is that he is entitled to certain relocation rights and benefits under the provisions of California Administrative Code, title 25. The basis of this claim is that the rented premises had originally belonged to defendant and when he was faced with condemnation proceedings by the Agency, he sold to a third party developer and plaintiff subsequently acquired the property. Defendant was entitled to certain relocation benefits under this procedure but the defendant appears to have assigned those rights to plaintiff by a 1973 agreement and as part of a written stipulated judgment in Los Angeles Superior Court case No. NEC 17013 entitled Pasadena Redevelopment Agency v. Max L. Enders (the defendant herein). The trial court in our case took judicial notice of the stipulation and judgment in said superior court action. The defendant’s brief asks this court to augment the record on appeal to consider the contents of the superior court action and we have done so. The stipulation signed June 7, 1976, by defendant herein states that defendant assigned certain relocation benefits and rights to plaintiffs successors in interest by a separate agreement dated March 19, 1973, and defendant waives all other relocation claims, payments or benefits. The judgment in said superior court action provides that defendant “.. .has no further claim against. . .[the Agency]. . .for any relocation payments or benefits, he having assigned such benefits to Robert Naff and Gordon Naff, dba Highland Plastics, by assignment dated March 19, 1973.” This assignment of said benefits and rights may be dispositive of defendant’s claims for relocation claims or other rights under the provisions of California Administrative Code, title 25, chapter 6, entitled “Department of Housing and Community Development Programs.” Defendant could be collaterally estopped from making a claim for the relocation benefits and rights as to the Agency. (See 4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, § 197.)
We do not resolve those relocation claims in this appeal. Defendant’s relocation rights are not proper issues to be considered in this unlawful detainer action. As we have pointed out, the unlawful detainer action is a summary action. It is an action for possession. The unlawful detainer *Supp. 13 statutes permitting incidental relief, such as damages, are strictly construed. (Markham v. Fralick (1934) 2 Cal.2d 221 [39 P.2d 804]; Vasey v. California Dance Co. (1977) 70 Cal.App.3d 742, 748 [139 Cal.Rptr. 72]; Greene v. Municipal Court (1975) 51 Cal.App.3d 446 [124 Cal.Rptr. 139].) Defendant must bring a separate nonsummary action to recover any residual relocation benefits he might still have. Defendant’s reliance on the notice period in the relocation regulations and Appel v. Beyer (1974) 39 Cal.App.3d Supp. 7 [114 Cal.Rptr. 336] is misplaced. Appel v. Beyer, supra, held that because tenants in a government sponsored subsidized housing project had a “status of entitlement,” a species of property protected by constitutional guarantees of due process of law, those tenants must be given special notices of termination setting forth facts claimed to constitute good cause for eviction. We find no such property rights or other interest in defendant who claims relocation rights under the detailed provisions of the California Administrative Code, title 25. The state government does not assume the role of being a landlord providing low-cost housing under the relocation regulations. (See California Housing Finance Agency v. Elliott (1976) 17 Cal.3d 575, 591 [131 Cal.Rptr. 361, 551 P.2d 1193].) Defendant Enders was not a beneficiary of any state subsidized housing, he was a person compelled to sell certain property to be used in a redevelopment project. He had incidental relocation benefits that gave him no special property interest requiring any special due process notice to terminate his month-to-month tenancy with a private party successor to the Agency.
We do not decide if the trial court erred in preventing defendant from relitigating his relocation benefit claims because of the waiver or the assignment. These claims were not proper issues in this unlawful detainer action.
 The judgment is affirmed.[6] Plaintiff to recover its costs on appeal.
Bigelow, Acting P. J., concurred.

 All citations or references to code sections are to the Code of Civil Procedure unless otherwise indicated.

 We note that the defendant’s testimony did not establish that he had not received the notice in the mail or that the notice was not posted. In Wilcox v. Anderson (1978) 84 Cal.App.3d 593 [148 Cal.Rptr. 773], the landlord sent a month-to-month tenant a letter limiting the time an option would remain open. The letter was held to be a sufficient notice under Civil Code section 827 and as the tenant did not establish at trial he did not receive it, it was held that he was sufficiently notified of the termination of the option and was bound by the change. (84 Cal.App.3d at p. 596.) It can be argued that as defendant has not established that he did not receive the notice he has actual notice and the contention that he was improperly served under section 1162, subdivision 3 is moot.

 The service is complete under section 1162 subdivision 3 when the notice is posted and a copy is deposited in the mail addressed to tenant at the address where the premises are located.

 The specific statutory language of section 1013, subdivision (a) lends itself to an interpretation that it would only apply to service of subsequent litigation documents. The statute requires service “at his office address as last given by him on any document which he has filed in the cause and served on the party making service by mail; otherwise at his place of residence... ” (italics added). The only way in which the italicized portion could apply is if the parties had communicated previously to the court in the matter. Although the statute provides for service at a residence, the inference of applicability to subsequent service of notices and documents remains from a reading of the statute as a whole.

 Three statutory exceptions are found in section 1013, subdivision (a) which provides that the “... extension shall not apply to extend the time for filing notice of intention to move for a new trial, notice of intention to move to vacate judgment pursuant to Section 663a of this code or notice of appeal.” In addition section 594, subdivision (b) provides that the extension periods of section 1013 are not applicable to notice of trial requirements for unlawful detainer actions and section 413.20 provides that when service of a summons is by mail, the extensions of section 1013 are not applicable.

 The monetary prayer in the complaint sought a sum potentially in excess of the subject matter jurisdiction of the municipal court. The relief granted was within the court’s jurisdiction. The judgment is therefore proper as the plaintiff is deemed to have submitted to the jurisdiction of the municipal court by filing the unlawful detainer action in that court. (Babcock v. Antis (1979) 94 Cal.App.3d 823 [156 Cal.Rptr. 673].)