Opinion
FAINER, P. J.
Plaintiff, Erwin H. Karz,[1] appeals from a judgment in favor of defendant. Defendant had been plaintiff’s employee and occu *Supp. 3 pied an apartment in plaintiff’s apartment-hotel as part of the compensation for his employment services. Defendant’s employment was terminated on December 26, 1978.* [2] There was an altercation at this time and the police were called. Police officers responded to the call, restored peace and told defendant that since he had quit his job, he should move out of the building as soon as possible. The following day, defendant was still occupying the apartment. Plaintiff then served a written notice on defendant advising him that since he had quit his job, he was to vacate his apartment immediately. The notice then stated that if defendant failed to “vacate said apartment ... [immediately, his] ... rent for said apartment will be $200.00 per month or any portion thereof payable in advance.”
Defendant did not vacate the apartment and did not pay the rent. Plaintiff and a Zelda Karz commenced an unlawful detainer action seeking possession of the apartment and damages for the reasonable value of defendant’s withholding possession after notice. Defendant answered and then moved out in March 1979. Plaintiff rented the apartment within a few days thereafter for $235 per month.
The matter was presumably tried and decided as an unlawful detain-er case rather than pursuant to the provisions of Civil Code section 1952.3, subdivision (a), which provides, among other things, that “. . . if the lessor brings an unlawful detainer proceeding and possession of the property is no longer in issue because possession of the property has been delivered to the lessor before trial ..., the case becomes an ordinary civil action ... . ”
The trial court ruled that the effect of plaintiff’s written notice to defendant converted defendant’s occupancy into a month-to-month tenancy on December 27, 1978. In order to terminate that tenancy, defendant was entitled to a 30-day notice. No damages were awarded to plaintiff or Zelda Karz. The trial court said damages could only be awarded as an incident to a judgment of possession in an unlawful detainer. We infer from this holding that defendant was not guilty of an unlawful detainer because he was not served with a 30-day notice to terminate the tenancy.
*Supp. 4 In the engrossed settled statement, the trial judge stated that he should have awarded plaintiff damages for defendant’s use and occupancy of the apartment unit under the provisions of Civil Code section 1952.3. We disagree for the reason set forth in this opinion.
Defendant argues that when an employee-tenant is discharged, he becomes a tenant at will and he cannot be compelled to give up possession until properly served with a 30-day notice terminating the tenancy. This contention is incorrect. A person who occupies premises belonging to his employer as part of his compensation has no right to continue in possession on the termination of his employment. (Eichhorn v. De La Cantera (1953) 117 Cal.App.2d 50, 56 [255 P.2d 70].) The discharged person is a tenant at sufferance and is entitled to no notice before an unlawful detainer action is commenced. (See Roberts v. Casey (1939) 36 Cal.App.2d Supp. 767, 775 [93 P.2d 654].)
We agree with the trial judge that the defendant’s tenancy was converted to a month-to-month tenancy when he was served with the notice advising him that he must pay $200 a month if he failed to immediately vacate his apartment. Defendant’s continued occupancy of the apartment was an acceptance of new tenancy terms. As this tenancy could only be terminated by a 30-day notice (Civ. Code, § 1946), plaintiff’s unlawful detainer action could not be filed until the expiration of that 30-day notice period. (Highland Plastics, Inc. v. Enders (1980) 109 Cal.App.3d Supp. 1, 7 [167 Cal.Rptr. 353].) The unlawful detainer action was fatally defective because no 30-day notice was served.
Having brought our discussion to this point, we are now faced with the same legal issue that confronted the trial court: If possession is no longer an issue in the trial court, can the court award rent and damages in the civil action under Civil Code section 1952.3, subdivision (a), even if the underlying unlawful detainer action is defective? This section codified existing case law (see 3 Witkin, Summary of Cal. Law (8th ed., 1980 supp.) Real Property, § 532A, pp. 195-196; 3 Witkin, Cal. Procedure (2d ed. 1971) Pleadings, § 980, p. 2559; Review of Selected 1977 California Legislation (1978) 9 Pacific L.J. 626). The purpose of the code section was to clarify the procedural rights of the landlord and tenant when the tenant gives up possession after the commencement of an unlawful detainer action. (See Recommendation Relating to Damages in an Action for Breach of Lease, 13 Cal. Law Revision Com. Rep. (1976) p. 1683.) Both the prior case law (see Green v. Superior Court (1974) 10 Cal.3d 616, 633 fn. 18 [111 Cal.Rptr. 704, 517 P.2d *Supp. 5 1168]; Markham v. Fralick (1934) 2 Cal.2d 221, 227 [39 P.2d 804]; Servais v. Klein (1931) 112 Cal.App. 26, 36 [296 P. 123]) and the subject code section require the conversion of the unlawful detainer action into an ordinary civil action if possession of the property has been delivered to the landlord before trial or, if there is no trial, before judgment is entered. (Civ. Code, § 1952.3, subd. (a)). In the converted civil action, the landlord can obtain the rent or damages he or she would have been entitled to in the unlawful detainer action (Civ. Code, § 1952.3, subd. (a)) and prospective damages under a lease if there is a breach of the lease or an abandonment by the lessee before the end of the lease term or a proper termination of the tenant’s right to possession under a lease. (Civ. Code, §§ 1951.2, subd. (a), 1952.3, subd. (a)(1).) If a landlord seeks prospective damages or any other damages not recoverable in an unlawful detainer action, the landlord must either amend the complaint to state a claim for these damages, eliminating possession of the leased or rental premises as an issue, or elect to recover prospective and other damages in a separate action. (Civ. Code, §§ 1952, subd. (b), 1952.3, subd. (a)(1).) When an unlawful detainer action is converted into an ordinary civil action, the tenant then has the right to seek affirmative relief by cross-complaint and to assert all available defenses, regardless of whether the landlord amended his or her complaint pursuant to Civil Code section 1952.3, subdivision (a)(1).
The legislative purpose of the code section appears to be to expedite the judicial process and to avoid multiplicity of actions.
In our case, plaintiff did not bring a proper unlawful detainer before defendant surrendered possession. There was no termination of defendant’s month-to-month tenancy by a 30-day termination notice under Civil Code section 1946. The plaintiffs subsequent lawsuit did not qualify as an unlawful detainer action. (Highland Plastics, Inc. v. Enders, supra, 109 Cal.App.3d Supp. 1.) We now hold that the provisions of Civil Code section 1952.3 are only applicable to those unlawful detainer cases in which the plaintiff has alleged facts sufficient to state a cause of action for unlawful detainer and can present prima facie[3] proof of an unlawful detainer cause of action. To permit a plaintiff with *Supp. 6 a defective unlawful detainer action to use the procedure provided for in Civil Code section 1952.3 would encourage bogus and fraudulent unlawful detainer filings in order that a landlord seeking rent due or prospective damages from a tenant who is giving up possession of the rental property to file a knowingly defective unlawful detainer action in order to get a preferred trial setting under Code of Civil Procedure section 1179a. In the overcrowded civil calendars of our municipal courts, we must prevent any such abuses. A landlord should not be permitted to utilize the benefits of an unlawful detainer action including the advantages of summary proceedings, of trial preference and of conversion of the proceedings to an ordinary civil action under Civil Code section 1952.3 when the action should never have been brought as an unlawful detainer action in the first place.
The trial judge did not err in giving judgment for the defendant on the damage issue and the judgment correctly denied relief on the sole ground that the action did not qualify as an unlawful detainer action. As the unlawful detainer action was defective, the action could not be converted to an ordinary civil action under Civil Code section 1952.3 when defendant gave up possession. The trial court could have removed this case from the trial calendar granting plaintiff leave to amend his complaint so as to proceed as an ordinary civil action but it had no authority under the circumstances to proceed under Civil Code section 1952.3 and to immediately hear the converted civil action for damages at a preferred trial date.
The judgment for defendant is affirmed solely because the unlawful detainer action was defective in this case, but our holding is without prejudice to the plaintiff’s seeking to recover the rent due him from defendant in a separate action.
Defendant to recover costs on appeal.
Foster, J., and Jones, J., concurred.

Plaintiff Erwin H. Karz only, appealed from the judgment although a Zelda Karz was also a plaintiff" on the complaint. The engrossed settled statement refers to plain *Supp. 3 tiffs but we are restricted by the notice of appeal to consider only the merits of the appeal of plaintiff Erwin H. Karz.

There seems to be no dispute that the plaintiff could have discharged the defendant for cause but plaintiff testified that defendant said he quit. The manner or reason for defendant’s leaving his employment is not a relevant issue in this appeal.

The parties may, of course, stipulate to these facts in order to avoid the inconvenience and expense of a separate civil action but the trial court, in its discretion, need not immediately proceed with the civil action under the stipulated terms or under any civil action provided for in Civil Code section 1952.3 if there are other pending actions ready for trial on the calendar or assigned for trial which are entitled to a preferential or an expedited trial. Under these circumstances, the trial court can continue the civil action to a date convenient for the court and the parties.