Opinion
STEIN, P. J.
The plaintiffs, Bianne and Shu W. Chan (hereinafter Owners), commenced an unlawful detainer action against defendant, Gregory *Supp. 23 Antepenko, seeking to recover possession of an apartment in their building and damages in the amount of its reasonable rental value. Mr. Antepenko moved for summary judgment on the grounds that the Owners had not complied with the notice requirements of San Francisco Administrative Code, chapter 37, the Residential Rent Stabilization and Arbitration Ordinance[1] (hereinafter Rent Ordinance). At the hearing on the motion for summary judgment the Owners made a motion for judgment on the pleadings. The municipal court denied the Owners’ motion for judgment on the pleadings and granted Mr. Antepenko’s motion for summary judgment holding that, as a discharged employee, he was a tenant at sufferance within the meaning of section 37.2(r) of the Rent Ordinance and entitled to the prescribed notice.
The first issue presented on appeal is whether the Rent Ordinance applies to an employee holding over after termination of his employment. We find that it does not and reverse the judgment.
Gregory Antepenko was hired as an assistant manager of the Owners’ 48-unit San Francisco apartment building on October 11, 1985. Under his contract of employment he was entitled to occupy an apartment in the building. The contract states: “I acknowledge that I am not a tenant, but am solely an employee dischargeable at any time and that my occupancy of such apt. is merely incidental with [szc] said employment and it also may be terminated at any time. . . . [fi] That upon termination of my employment by the owner, for any reason, I will vacate the apt. furnished me within three days.”
As the assistant manager, Mr. Antepenko’s compensation was a cash payment plus occupany of an apartment and use of a garage. In June 1987 the Owners and Mr. Antepenko entered into a second employment contract whereby he became the manager of the building. In addition to the provisions of the assistant manager’s contract noted above, the manager’s contract provided: “It is also understood that the Undersigned occupied [sz'c] the apt. & garage in the capacity as an employee pursuant to the license granted as agreed.”
A dispute arose between the parties and Mr. Antepenko’s employment as manager was terminated on June 19, 1987. The Owners refused Mr. Antepenko’s tender of rent and filed an unlawful detainer suit when he failed to vacate the apartment.
The Rent Ordinance provides that a landlord may not endeavor to recover possession of a rental unit unless cause, as specified in the ordinance, *Supp. 24 exists. (§ 37.9(a)(l-13).)[2] The landlord must inform the tenant in writing before notice to vacate is given of the grounds under which possession is sought. (§ 37.9(c).) A tenant is defined as: “A person entitled by written or oral agreement, sub-tenancy approved by the landlord, or by sufferance, to occupy a residential dwelling unit to the exclusion of others.” (§ 37.2(r).)
Relying on the decision in Karz v. Mecham (1981) 120 Cal.App.3d Supp. 1 [174 Cal.Rptr. 310], the municipal court found Mr. Antepenko a tenant at sufferance and therefore entitled to notice and protection from eviction under the Rent Ordinance.
An unlawful detainer occurs when a person remains in possession of property after the expiration of the term for which it is let to him. This can occur not only in a landlord-tenant situation but also in a case where the person: “. . . became the occupant of the premises as a servant, employee, agent, or licensee and the relation of master and servant or employer and employee or principal and agent or licensor and licensee has been lawfully terminated.” (Code Civ. Proc., § 1161, subd. 1.)
If the contract between the owner and the occupier gives exclusive possession of the premises against all the world, including the owner, it creates a tenancy; however, if the contract merely confers a privilege to occupy the premises under the owner, it is a license. (See Von Goerlitz v. Turner (1944) 65 Cal.App.2d 425, 429 [150 P.2d 278].) One distinction between a leasehold and a license is that notice must be given to terminate a leasehold interest whereas none is required to terminate the occupancy of a licensee. (Code Civ. Proc., § 1161.) Discharged employees are not tenants. Their presence on the premises is not a possession or an occupancy, for these are retained by the owner; they are like guests or lodgers who, when their rights to remain has ceased, may be removed without notice. (See Roberts v. Casey (1939) 36 Cal.App.2d Supp. 767, 774 [93 P.2d 654].)
Although Roberts is cited as authority for the statement in Karz v. Mecham, supra, 120 Cal.App.3d Supp. 1, 4 that a discharged employee is a “tenant at sufferance,” those words nowhere appear in the Roberts opinion. Indeed, the court in Roberts cautioned against the use of such terms as “landlord” and “tenant” when referring to licensees, “preferring the term proprietor or other expression of like import.” (Roberts v. Casey, supra, 36 Cal.App.2d Supp. 767, 771.) The failure of the court in Karz to observe this admonition misled the municipal court into granting Mr. Antepenko’s motion for summary judgment. In Karz, as in this case, the defendant occupied *Supp. 25 an apartment as an employee of the owner as part of his compensation; however, unlike the instant case when the employment terminated, the owner served his former employee with a notice to quit or pay rent. The holding of the Karz case is that this notice converted the license into a month-to-month tenancy and the owner could not maintain an unlawful detainer action without service of a three-day notice. (See Karz v. Mecham, supra, 120 Cal.App.3d Supp. 1, 4.) It was immaterial to the holding of that case whether the defendant was a licensee or a tenant at sufferance since an unlawful detainer action can be commenced against either without notice. The extension of the protection of the Rent Ordinance to tenants at sufferance requires that these distinctions be carefully adhered to.
Karz recognizes that a person who occupies premises belonging to his employer as part of his compensation has no right to continue in possession upon termination of his employment. (Karz v. Mecham, supra, at 120 Cal.App.3d Supp. p. 4.) This conforms to the opinion of our appellate department in Tappe v. Lieberman (1983) 145 Cal.App.3d Supp. 19 [193 Cal.Rptr. 514], which declined to extend the protections of the Rent Ordinance to an employer who rented rooms for purposes of providing apartments to his employees. There we noted that the employees were in occupation of the apartments only with the consent of their employer and termination of their employment terminated their housing. We noted that those who actually reside in the rooms and pay their rent in the form of in-lieu wages are licensees and have no protection under the Rent Ordinance. (Id., at p. 24.)
We therefore conclude that Mr. Antepenko entered upon his occupancy as a licensee of the Owners and that he could not convert his status into that of a tenant by refusing to vacate upon expiration of his employment. As a licensee Mr. Antepenko is not entitled to the protection of the Rent Ordinance.
This result is in accord with the contractual provisions of Mr. Antepenko’s employment as assistant manager and manager of the apartment building. Each contract between the Owners and Mr. Antepenko stated that he would vacate the apartment upon termination of his employment. Our decision is in accord with the San Francisco Housing Code. Section 1011 of that ordinance requires that any apartment building with 16 or more units have a resident caretaker. Since the Rent Ordinance does not allow the owner to evict for purposes of accommodating a resident manager, the Owners would be in violation of the Housing Code unless they could persuade another tenant to accept Mr. Antepenko’s responsibilities as resident manager. Our decision is in accord with the Rent Ordinance. Mr. Antepenko does not come within the class of person sought to be protected by the *Supp. 26 ordinance which was enacted to prevent the displacement of residents as a result of their inability to pay increased rents. (§ 37.1(b)(2).) Moreover, a licensee holding over after expiration of his license is a trespasser, liable to the owners in damages; however, the owners are not entitled to receive rent for his use and occupancy of the premises. (Roberts v. Casey, supra, 36 Cal.App.2d, Supp. 767, 775.) Hence, the Owners are not “landlords” with respect to Mr. Antepenko, within the definition of the Rent Ordinance. (Compare Rent Ordinance, § 37.2(h).)
II.*
Wherefore, the order granting Mr. Antepenko’s motion for summai judgment is reversed and the matter remanded to the municipal court for further proceedings not inconsistent with this opinion.
Williamson, J., and Wonder, J., concurred.

 All section references are to the San Francisco Administrative Code unless otherwise noted.

 An employee holding over after termination of employment is not a ground for eviction specified in the Rent Ordinance.

 See footnote ante, page Supp. 21.