Filed 10/19/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

|  |  |
|---|---|
| DALE DUNCAN et al.,<br><br>　　　Plaintiffs and Respondents,<br>v.<br>ANNE KIHAGI et al.,<br><br>　　　Defendants and Appellants. | A164470<br><br>(City and County of San Francisco Super. Ct.<br>No. CGC-15-545655) |

　　　This is the second time that appellants Anne Kihagi, Christina Mwangi, and Zoriall LLC (the landlords) have challenged a $2.7 million judgment against them. A jury concluded they harassed and unlawfully evicted their tenants, respondents Dale Duncan and Marta Munoz Mendoza. After we affirmed the judgment in *Duncan v. Kihagi* (2021) 68 Cal.App.5th 519 (*Duncan I*), the landlords moved to vacate the judgment, claiming it was "void." They argued the tenants were barred from obtaining relief in this action because they had failed to pursue their legal remedies in unlawful detainer proceedings after giving up possession of their unit. Because this argument misapprehends the statute that governs surrendering possession of property in unlawful detainer proceedings (Civ. Code, § 1952.3 (§ 1952.3)), we affirm the trial court's order denying the landlords' motion.

# I.
## FACTUAL AND PROCEDURAL
### BACKGROUND

As we detailed in *Duncan I*, Duncan in 1994 moved into a rent-controlled unit in a five-unit building on Hill Street in San Francisco. He was living there with Mendoza and their daughter when, in June 2014, the building was purchased by Zoriall, an LLC owned by Kihagi and Mwangi. Starting in August 2014 and for a little over a year until Duncan and his family were forced to move, the new landlords took away various property-related benefits, ignored or delayed responding to maintenance and upkeep issues, were uncommunicative and uncooperative, and became increasingly hostile.

The procedural history of this case is somewhat complex. While they were still living in their unit, the tenants initiated these proceedings when they sued the landlords in May 2015 (No. CGC-15-545655, "Duncan 1"). In their first amended complaint filed that same month, they alleged causes of action for (1) nuisance, (2) breach of contract, (3) negligence, (4) harassment in violation of San Francisco's Residential Rent Stabilization and Arbitration Ordinance (Rent Ordinance, S.F. Admin Code ch. 37), and (5) unfair business practices (Bus. & Prof. Code, § 17200 et seq.).

The following month, on June 25, 2015, two unlawful detainer actions were filed against the tenants. Zoriall filed one (No. CUD-15-652719, "the Zoriall unlawful detainer action"), and Mwangi filed a separate one (No. CUD-15-652720, "the Mwangi unlawful detainer action").

The tenants in July 2015 filed an answer in the Mwangi unlawful detainer action in which they asserted affirmative defenses of retaliation and violation of the Rent Ordinance. Then on August 31 they filed a "Notice of Surrender of Possession" in the action. The notice stated that the tenants

2

vacated the premises on August 31. The notice further stated that the matter thus became an "ordinary civil action" under section 1952.3. That statute provides that if a landlord brings an unlawful detainer action and the tenant surrenders possession before trial (making possession no longer at issue), the case becomes an ordinary civil action in which the landlord may obtain any relief to which he or she is entitled. (§ 1952.3, subd. (a)(1).) In such an ordinary civil action the tenant, too, may "by appropriate pleadings or amendments to pleadings, seek any affirmative relief." (*Id.*, subd. (a)(2).) In general, if a defendant named in a complaint fails to allege any related cause of action by way of a cross-complaint in the action, the defendant "may not thereafter in any other action assert against the plaintiff the related cause of action not pleaded." (Code Civ. Proc., § 426.30, subd. (a).) But as discussed further below, this provision does not apply in an unlawful detainer action unless after delivering the property to the landlord, the tenant files a cross-complaint or an amended answer. (§ 1952.3, subd. (a)(2).) The landlords claim here that because the tenants did not file a cross-complaint in the unlawful detainer actions, they were barred from pursuing their claims against the landlords in their already pending separate action.

In April 2016, the tenants filed an additional complaint against the landlords (No. CGC-16-551512, "Duncan 2") alleging that Mwangi had initiated an unlawful owner move-in eviction. This complaint alleged only two causes of action: (1) wrongful owner move-in eviction in violation of the Rent Ordinance and (2) negligence.

Duncan 1 was consolidated with the Zoriall unlawful detainer action in August 2017, but the unlawful detainer action was later severed. It is unclear how the unlawful detainer actions were resolved. Counsel for Zoriall and Mwangi represented at the hearing on their motion to vacate judgment

3

that those actions were left "in abeyance" when the tenants' complaint proceeded to trial.

Around the time trial started, the tenants on September 1, 2017, filed a second amended complaint that consolidated Duncan 1 and Duncan 2, with no substantive changes. The amended complaint included all causes of action previously alleged: (1) nuisance, (2) breach of contract, (3) negligence, (4) violation of the Rent Ordinance (harassment), (5) unfair business practices, (5) violation of the Rent Ordinance (wrongful owner move-in eviction), and (6) another negligence cause of action.

Following a jury trial, jurors found the landlords liable for two separate violations of the Rent Ordinance: wrongful eviction and tenant harassment. This court affirmed in *Duncan I* on August 9, 2021, and the remitter issued on November 2. The landlords nonetheless filed six "motions to vacate judgment after trial" on various grounds. (Capitalization omitted.) The single motion that is the subject of this appeal argued that the judgment was void based on the "primary rights theory." In the motion, the landlords claimed that the trial court had lacked subject matter jurisdiction over the tenants' claims after they surrendered possession of their rental unit. According to the landlords, such a relinquishment of possession waives a tenant's right to a wrongful-eviction claim, and the judgment was thus "void [on] its face."

The tenants opposed the motions and argued they were without merit, frivolous, and "designed to waste resources and time and [to be] a procedural tactic to cause delays and to create unnecessary fees and costs." Following a hearing, the trial court denied all of appellants' motions, including the one arguing that the judgment against them was void under the primary right theory.

4

## II.
### DISCUSSION

The landlords renew their argument that the judgment the tenants obtained following a jury trial must be set aside as void (Code Civ. Proc., § 473, subd. (d)) based on the primary right theory. The argument fails.

The argument turns on the effect of the tenants surrendering possession of their unit before trial in either of the unlawful detainer actions. In general, unlawful detainer actions are "summary in character; . . . ordinarily, *only claims bearing directly upon the right of immediate possession* are cognizable [citations]; and . . . cross-complaints and affirmative defenses, legal or equitable, are permissible only insofar as they would, if successful, 'preclude removal of the tenant from the premises.' " (*Vella v. Hudgins* (1977) 20 Cal.3d 251, 255, italics added.) If the tenant surrenders the property such that possession is no longer at issue, though, the landlord may expand the relief sought by way of an amended complaint. (§ 1952.3, subd. (a)(1).) The tenant, too, "may, by appropriate pleadings or amendments to pleadings, seek any affirmative relief, and assert all defenses, to which he [or she] is entitled, whether or not the lessor has amended the complaint." (§ 1952.3, subd. (a)(2).) In other words, once a tenant sued for unlawful detainer surrenders possession as set forth in section 1952.3, the tenant may seek affirmative relief that would not have otherwise been available in an unlawful detainer proceeding. (*Fish Construction Co. v. Moselle Coach Works, Inc.* (1983) 148 Cal.App.3d 654, 660 (*Fish Construction*).)

Relying on the primary right theory, the landlords turn this principle on its head, contending that unless the tenant seeks affirmative relief in the unlawful detainer proceeding the tenant is barred from seeking it at all. According to them, as soon as Duncan and Mendoza relinquished possession of their unit, "any causes of action or damages related to the issue of

5

Respondents' primary right of possession was completely resolved in favor of Appellants." We are not persuaded.

"The primary right theory is a theory of code pleading that has long been followed in California. It provides that a 'cause of action' is comp[o]sed of a 'primary right' of the plaintiff, a corresponding 'primary duty' of the defendant, and wrongful act by the defendant constituting a breach of that duty. [Citation.] The most salient characteristic of a primary right is that it is indivisible: the violation of a single primary right gives rise to but a single cause of action. [Citation.] A pleading that states the violation of one primary right in two causes of action contravenes the rule against 'splitting' a cause of action." (*Crowley v. Katleman* (1994) 8 Cal.4th 666, 681.)

"The primary right theory has a fairly narrow field of application. It is invoked most often when a plaintiff attempts to divide a primary right and enforce it in two suits. The theory prevents this result by either of two means: (1) if the first suit is still pending when the second is filed, the defendant in the second suit may plead that fact in abatement [citations]; or (2) if the first suit has terminated in a judgment on the merits adverse to the plaintiff, the defendant in the second suit may set up that judgment as a bar under the principles of res judicata. [Citation.] The latter application of the primary right theory appears to be most common: numerous cases hold that when there is only one primary right an adverse judgment in the first suit is a bar even though the second suit is based on a different theory [citation] or seeks a different remedy." (*Crowley v. Katleman*, *supra*, 8 Cal.4th at p. 682.) Neither scenario occurred here.

More fundamentally, the theory is simply inapplicable in the circumstances presented here. Again, "only the right to possession is in issue" in a summary unlawful detainer action. (*Fish Construction*, *supra*,

6

148 Cal.App.3d at p. 658; see also 10 Miller et al., Cal. Real Estate (4th ed.) § 34:196, p. 34-660 ["The primary objective of an unlawful detainer proceeding is to recover possession of the leased premises."].)  "To preserve the summary nature of these proceedings, the rule developed that ordinarily affirmative defenses may not be asserted.  [Citation.]  Only defenses which are directly relevant to possession may be considered." (*Fish Construction* at p. 658.)  Section 1952.3 codifies the rule that if the tenant gives up possession of the property after the initiation of unlawful detainer proceedings but before trial, the action becomes an ordinary one for damages.  (*Fish Construction* at p. 658.)  In other words, when the tenants gave up possession, they surrendered only the very narrow issue of current possession of their unit.  Section 1952.3, subdivision (a)(2) then permitted them to seek any affirmative relief they were otherwise entitled to that was not otherwise available in an unlawful detainer action.

True, the tenants proceeded with their own complaints and did not seek relief by filing a cross-complaint in the unlawful detainer actions.  But, contrary to the landlords' insistence, they were not required to do so.  In general, where a defendant to a lawsuit fails to allege any related causes of action by way of a cross-complaint, that defendant "may not thereafter in any other action assert against the plaintiff the related cause of action not pleaded." (Code Civ. Proc., § 426.30, subd. (a).)  This requirement to allege all related claims does not apply in unlawful detainer actions, however, unless one of two things happens:  the tenant (1) files a cross-complaint or (2) files an answer to any amended complaint the landlord files after the case becomes a regular civil action.  (§ 1952.3, subd. (a)(2).)  The legislative committee comment following section 1952.3 states that the "limitation of the application of the compulsory cross-complaint statute . . . protect[s] the

7

defendant [tenant] against inadvertent loss of a related cause of action." (Legis. Comm com., 10A West's Ann. Civ. Code (2022 ed.) p. 111.)  In other words, *if* a tenant chooses to file a cross-complaint in an unlawful detainer action after surrendering possession, all possible causes of action must be alleged.  Here, the tenants had no reason to file such a cross-complaint after surrendering possession of their unit since they already had filed a separate complaint.  And they apparently had no reason to file an amended answer, since there is no indication that after the tenants surrendered possession the landlords sought any further relief in the unlawful detainer actions.  It is simply not true that the tenants improperly " 'split' a cause of action into successive suits," as the landlords claim.

The landlords' reliance on *de la Cuesta v. Benham* (2011) 193 Cal.App.4th 1287 is misplaced.  The case held that a trial court had abused its discretion in concluding there was no prevailing party for purposes of awarding attorney fees under Civil Code section 1717.  (*de la Cuesta* at p. 1296.)  The landlord had recovered 70 percent of the back rent it claimed the tenant owed and the tenant had vacated the premises the day before trial was initially scheduled to begin.  (*Id.* at p. 1296.)  The fact that the tenant moved out was characterized as "a clear victory for the landlord."  (*Ibid*.)  No cross-complaint or separate complaint by the tenant was at issue, though, so the court was not asked to consider whether the "clear victory" precluded affirmative claims against the landlord.

Here, the only legal claim the tenants abandoned when they moved out of their unit was the narrow issue of current possession, the sole focus of the unlawful detainer proceedings.  The landlords apparently do not dispute for purposes of this appeal that the tenants had other valid legal claims against them.  But they insist that those claims were either waived when the tenants

surrendered current possession of their unit, or the claims should have been litigated in the unlawful detainer actions.  As there is no legal support for these arguments, we reject them.

III.
DISPOSITION

The trial court's order is affirmed.  The tenants shall recover their costs on appeal.

_____

Humes, P.J.

WE CONCUR:


_____

Margulies, J.


_____

Banke, J.

*Duncan et al. v. Kihagi et al.* A164470

10

Trial Court:

     Superior Court of the City and County of San Francisco


Trial Judge:

     Hon. Andrew Y.S. Cheng


Counsel:

     Greenstein & McDonald, Steven J. McDonald, Ariel Gershon, for Plaintiffs and Respondents


     Gordon Rees Scully Mansukhani, LLP, Ryan B. Polk, Kevin Liu, for Defendants and Appellants

*Duncan et al. v. Kihagi et al.* A164470